SADIE V. COLEMAN, Respondent, v. A. L. GUIDONE & SON, INC., Appellant, Impleaded with NEW YORK CONSOLIDATED RAILROAD COMPANY, Defendant.

JOSEPH L. COLEMAN, Respondent, v. A. L. GUIDONE & SON, INC., Appellant, Impleaded with NEW YORK CONSOLIDATED RAILROAD COMPANY, Defendant.

Second Department, May 21, 1920.

Negligence — action against contractor for injuries received while using temporary stairway to elevated railway station — stairway built under separate agreement and accepted prior to injury — station not complete at time of injury.

A contractor is not liable for injuries sustained by one who was thrown down while stepping upon a temporary wooden stairway at the foot of a main stairway leading to an elevated railway station, where it appears that the contractor had a contract with the Public Service Commission to erect the station and the permanent stairway leading thereto; that the erection of the temporary stairway was made upon the special oral instructions of the engineer of the Commission and was accepted by the engineer and the cost thereof was paid entirely outside the contract price for the station; that the station was open to the public before it was completed and the injury occurred prior to the completion thereof, and that the condition of the stairway which caused the injury was due to the fact that the earth on which it rested was washed out by rain after it had been accepted.

Though the contractor's work on the station proper was not completed at the time of the accident it was not responsible for the injury, even though it had actual notice that the steps had become insecure, for as soon as the temporary stairs were accepted its responsibility for their repair ceased.

APPEALS by the defendant, A. L. Guidone & Son, Inc., from two judgments of the Supreme Court, entered in the office of the clerk of the county of Kings on the 24th day of October, 1919, upon the verdict of a jury in favor of the respective plaintiffs, and also from an order in the first above-entitled case, entered in said clerk's office on or about the 7th day of November, 1919, denying its motion for a new trial made upon the minutes.

*Walter L. Glenney* [*Bertrand L. Pettigrew* with him on the brief], for the appellant.

*Edwin D. Webb* [*Frederick N. Van Zandt* with him on the brief], for the respondents.

MILLS, J.:

These are two cases based upon the same accident, one for the plaintiff, the wife, to recover for personal injuries alleged to have been received by her through the negligence of both defendants; and the other by her husband. In each case a verdict was rendered in favor of the plaintiff against both defendants, for $1,000 in favor of the wife and $200 in favor of the husband. The two cases were tried together but a separate verdict was rendered in each. The defendant A. L. Guidone & Son, Inc., has appealed in each case from the judgment entered, and in the first case from an order made at the Kings County Trial Term, denying the said defendant's motion for a new trial upon the minutes. The other defendant did not appeal.

The wife's action was brought to recover damages for personal injuries which she claimed to have sustained on the 28th of August, 1917, by being thrown down while stepping upon a temporary wooden stairway at the foot of the main stairway leading to the station of the defendant railroad company's elevated railroad at Twenty-fifth avenue and Eighty-sixth street, in the borough of Brooklyn, upon the claim that the said temporary stairway was insecure through the negligence of both defendants.

The question presented by this appeal is whether or not there was liability on the part of the appellant for the condition of the said temporary stairway. As to the facts affecting that question there is no substantial dispute. The plaintiff slipped and was thrown down because the wooden steps at the foot of the permanent stairway were insecure. They had been put in because the street was ungraded and, therefore, not up to the level with the concrete platform at the foot of the permanent stairway. Appellant had a contract with the Public Service Commission to construct the station, including the permanent stairway. The contract, however, did not provide for any temporary steps. The need of them having become apparent during the work of construction, the appellant was by the engineer of the Commission ordered to build them upon special oral instructions or specifications. The appellant built them in strict accordance with those instructions in February, 1917, and that work was performed and accepted

by the engineer at that time. It was paid for entirely outside of the contract price. The station was opened to public use from July, 1916, although it was not then completed. The temporary wooden steps rested upon the earth and the rain washed away some of the earth fill in the course of the intervening weeks or months, and the railing, which had been put up at first, disappeared and for some time before the accident the steps had been "wobbly." The verdict was finally against both defendants, although in the first instance the jury attempted to render a verdict for one-half of the amount against each defendant. The learned trial justice submitted the case as against the appellant upon the instruction that it was liable:

(a) If that defendant did not originally construct the temporary stairs so that they would not be imminently dangerous to people who had occasion to use them; he finally restricted that question to the character of the anchorage, and

(b) That as appellant's entire work about the station was not completed at the time of the accident it was liable if, having actual notice that the steps had become insecure, it did not repair or make them secure. This seems to me to be a very novel proposition, namely, that the builder of a house or ordinary structure under a contract for an owner is liable over to a third party who is injured by using the work after it has been completed and has been accepted and put in use by the owner. The learned counsel for the respondent attempts to justify that rule or theory by the opinion of CARDOZO, J., in *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382), which applied to the manufacturer of a complete automobile the doctrine of the old poison case of *Thomas* v. *Winchester* (6 N. Y. 397), and that, too, in regard to one of the wheels of the auto. The respondent's (plaintiff's) brief in that case made the assertion that an automobile to be propelled by explosive gases and to run at a speed of fifty miles an hour upon an ordinary highway, is a machine or thing inherently dangerous, as much so as a bottle of poison. (217 N. Y. 384.) Notwithstanding the reliance of respondent's counsel upon the learned and extended opinion of CARDOZO, J., I think its doctrine is not to be extended to the case of a set of temporary wooden steps to be used at the foot of a

public stairway, and that the duty of keeping them well placed upon a suitable foundation did not rest upon the appellant. If, perhaps, the appellant had put into them a rotten board, the rule might be different.

I advise, therefore, that the judgments and the order be reversed, with costs, and the complaint as to the appellant dismissed, with costs.

Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

In the first case, judgment and order reversed, with costs, and complaint unanimously dismissed, with costs. In the second case, judgment reversed, with costs, and complaint unanimously dismissed, with costs.