JACK GOLDBERG, Appellant, *v.* LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Respondent.

Argued November 14, 1947; decided January 15, 1948.

*Herbert E. Hoffman* and *Jacob D. Fuchsberg* for appellant.
I. The insurer's obligation to defend is determined by the allegations of the complaint served upon the insured. (*Summer & Co.* v. *Phœnix Indemnity Co.*, 177 Misc. 887; *Grand Union Co.* v. *General Accident, Fire & Life Assur. Corp.*, 254 App. Div. 274, 279 N. Y. 638; *Physical Culture Hotel, Inc.*, v. *Travelers Ins. Co.*, 270 App. Div. 1070; *Floralbell Amusement Corp.* v. *Standard Surety & Cas. Co. of N. Y.*, 170 Misc. 1003, 256 App. Div. 221; *Longwell Lumber & Building Co.* v. *Maryland Casualty Co.*, 144 Misc. 595; *Arc Electric Construction Co.* v. *Commercial Casualty Ins. Co.*, 247 App. Div. 721; *Press Publishing Co.* v. *General Accident, Fire & Life Assur. Corp.*, 160 App. Div. 537, 217 N. Y. 648; *West Philadelphia Stock Yard* v. *Maryland Casualty Co.*, 100 Pa. Super. Ct. 459; *Bloom-Rosenblum-Kline Co.* v. *Union Indemnity Co.*, 121 Ohio St. 220.) II. Words in policies of insurance are to be construed in their ordinary sense and ambiguities are to be resolved in favor of the insured. (*Floralbell Amusement Corp.* v. *Standard Surety & Cas. Co. of N. Y.*, 170 Misc. 1003, 256 App. Div. 221; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Grand Union Co.* v. *General Accident, Fire & Life Assur. Corp.*, 163 *Misc.* 451, 254 App. Div. 274, 279 N. Y. 638; *Preston* v. *Aetna Insurance Co.*, 193 N. Y. 142; *Auerbach* v. *Maryland Casualty Co.*, 236 N. Y. 247.)

*Herbert A. McDevitt* for respondent. I. Allegations of the complaint served upon the insured are not the sole deciding factors in determining whether the insurer should defend. The allegations in the complaint must be one of issue to be decided and a judgment against the insured must conclusively establish the issue of coverage. (*Sacks* v. *Maryland Casualty Co.*, 170 App. Div. 494; *Longwell Lumber & Bldg. Co.* v. *Maryland*

*Casualty Co.,* 144 Misc. 595.) II. The policy does not cover accidents that occur after the completion of the actual course of operation performed at the place of the occurrence of the accident. (*Hutchinson Gas Co.* v. *Phœnix Indemnity Co.,* 288 N. W. 847; *Berger Bros. Elec. Motors* v. *New Amsterdam Cas. Co.,* 293 N. Y. 523.)

FULD, J. In October, 1939, defendant insurance company issued a public liability policy insuring plaintiff's business operations for one year, from October, 1939, to October, 1940. The policy dealt with the insurance company's duty to pay all sums for which the insured might become liable as well as with its duty to defend suits brought against the insured. As to the first, the company agreed to discharge all obligations incurred by the insured, as damages, to third persons who sustained bodily injuries as the result of an accident " caused by reason of the [insured's] general business operations * * * which shall have occurred before the completion of the actual course of the operations performed by the insured at the place of occurrence of such accident." As to the duty to defend, the company agreed to " defend in the name of and on behalf of the insured any suit against the insured alleging such injury and seeking damages on account thereof, even if such suit is groundless, false or fraudulent ".

Early in 1940, plaintiff entered into a contract to perform plumbing repair work at certain premises in Brooklyn; he completed most of the work in March of that year. Many months later, in December, 1940, a tenant brought suit against plaintiff, claiming that " on or about " April 13, 1940, she had been caused " to trip and fall over a dangerous accumulation of debris and plaster," left on the stairway of the premises by plaintiff and his employees. The injuries were said to be serious, and damages of $25,000 were sought. It was explicitly asserted — on information and belief — that on the day of the accident, April 13, 1940, " and prior thereto, the defendant [plaintiff herein], his agents, servants and employees were engaged in the performance of the aforementioned work " at the premises in question and that such work " was not completed " until after April 13th.

Following service of the papers, plaintiff turned the summons and complaint over to defendant insurance company "for a defense and for them to otherwise fulfill the obligations of their [sic] contract of insurance." And, says plaintiff, he advised the insurance company then and later not only that he knew nothing about the accident's having been caused by his negligence but also that he had finished the job at least a week before the date specified in the complaint. Possessed of that information, the insurance company refused to defend the action unless plaintiff signed a non-waiver agreement, providing that such defense would not constitute a waiver by either party of any provision of the policy, nor foreclose the company from asserting "any defense which it may choose to make" under the policy. If the company was under a duty to defend, it was not, of course, privileged to insist on any such condition; plaintiff declined to sign the agreement and retained his own attorneys to defend him.

The negligence action went to trial, and terminated in favor of the present plaintiff. At that trial, plaintiff avers in his affidavit, "one of the issues which was litigated was the fact as to when my employees and myself had completed the work in connection with the stairway upon which [the tenant] claimed that she fell." Conflicting evidence was adduced, the tenant testifying that work had continued until April 12th, the present plaintiff, that the work had been completed "a considerable time before that".

Shortly afterward, plaintiff brought this action for $3,000, the sum, he alleged, he "was obliged to expend * * * for counsel fees, professional services and for disbursements in connection with the aforementioned [personal injury] action". Defendant's answer was, in effect, a general denial.

By motion and cross motion, both parties asked for summary judgment under rule 113 of the Rules of Civil Practice.

In two orders, the court at Special Term denied plaintiff's motion and granted defendant's cross motion, dismissing the complaint and entering judgment for defendant. The Appellate Division, two justices dissenting, affirmed both orders.

Ascribing to the terms of the policy, as we must, a natural and reasonable meaning (see, e. g., Burr v. Commercial Travelers

*Mutual Accident Assn.*, 295 N. Y. 294, 301; *McGrail* v. *Equitable Life Assur. Soc.*, 292 N. Y. 419, 424; *Lewis* v. *Ocean Accident & Guar. Corp.*, 224 N. Y. 18, 21), there can be no doubt that the insurance company undertook to defend such a suit as was brought against its insured. In the clearest of terms, the insurer obligated itself to handle the defense of actions against the insured whenever the complaint served upon him alleged a state of facts covered by the policy, regardless of whether such allegations squared with objective truth or were utterly false and groundless. As previously noted, the company's obligation was to "defend in the name of and on behalf of the insured *any suit* against the insured *alleging such injury* and seeking damages on account thereof, even if such suit is groundless, false or fraudulent". (Emphasis supplied.)

The complaint in the negligence action contained the precise allegations necessary under the policy, to compel the insurer to defend; it asserted that the accident occurred on protected premises during the time when specifically covered operations of the insured were still in progress. The tenant had sought to hold the insured liable to her upon the theory that he was still at work on the job when she was injured — precisely the sort of liability covered by the policy. Whether or no the insurance company would have been under a duty to pay had the tenant prevailed in the negligence suit need not now concern us (see *Bloom-Rosenblum-Kline Co.* v. *Union Indemnity Co.*, 121 Ohio St. 220, 222), for it is crystal clear that — irrespective of this duty — the company had obligated itself to *defend* if a suit were brought against its insured "alleging such injury and seeking damages on account thereof." Similarly irrelevant is the question whether it was essential to the tenant's case to have alleged that the injury occurred while the insured — the contractor — was still engaged in performing the work on the premises. (Cf. *Campbell* v. *Sutliff*, 193 Wis. 370, and *Korzon* v. *McCabe*, 114 Conn. 725, with *Coleman* v. *Guidone & Son, Inc.*, 192 App. Div. 120, and *Ford* v. *Sturgis*, 14 F. 2d 253.) For, regardless of whether the assertion that the contractor was still engaged upon his job when the accident occurred was an operative allegation between pleader and insured in a negligence suit, it was explicitly rendered operative between insurer and insured by the policy of insurance.

In other words, the insurance company's duty to defend came into being when it appeared from the allegations in the negligence action that the injury was within the coverage of the policy, and it persisted despite the advice — pointing a contrary conclusion — furnished by the insured to assist the company in defending the suit. To hold otherwise would penalize him for full and frank disclosure. Assuming that the information passed on by the insured might have some bearing on the company's duty to *pay* (but see *McGrail v. Equitable Life Assur. Soc., supra,* 292 N. Y. 419, 426), it cannot affect its already established duty to *defend.* The courts have frequently remarked that the duty to defend is broader than the duty to pay. Indeed, even in cases where the policies do not render the allegations by the injured party controlling, it has been said: " The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the insured to defend the question is not whether the injured party can maintain a cause of action against the insured, but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured's ultimate liability." (See *Grand Union Co. v. General Accident, Fire & Life Assur. Corp.,* 254 App. Div. 274, 280, affd. 279 N. Y. 638; see, also, *Summer & Co. v. Phœnix Indemnity Co.,* 265 App. Div. 911, affg. 177 Misc. 887; *Floralbell Amusement Corp.* v. *Standard Surety & Casualty Co.,* 256 App. Div. 221, same case 170 Misc. 1003; 8 Appleman, Insurance Law and Practice [1942], p. 4.)

In short, the policy protects the insured not only against injuries for which there is unquestioned liability, but also against law suits on their face within the compass of the risk against which insurance was taken, no matter how groundless, false or baseless those suits may be. It follows, therefore, that defendant's refusal to defend the negligence suit was a breach of its covenant for which plaintiff may recover the expenses incurred by him in defending that action. (*Grand Union Stores, Inc.,* v. *General Accident, Fire & Life Assur. Corp.,* 251 App. Div. 810, affg. 163 Misc. 451; *Physical Culture Hotel* v. *Travelers Ins. Co.,* 270 App. Div. 1070.)

The courts below should have granted plaintiff's motion for summary judgment and denied defendant's motion for that

relief. Accordingly, the judgment of the Appellate Division and the orders of Special Term should be reversed, with costs in all courts, and plaintiff's motion for summary judgment granted to the extent of ordering an assessment to determine the amount of plaintiff's damages, in accordance with rule 113 of the Rules of Civil Practice.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment accordingly.