Joseph A. Boccia, J.
This case was tried before this court and a jury on March 20 and 21, 1957. At the conclusion of the trial all of the parties moved for directed verdicts in their respective favors. After the court had questioned each of the parties as to whether they desired to have the court determine all of the issues of law and of fact with the same force and effect as if the jury had made such determination, all of the parties consented that all of the issues of law and fact be determined by this court with the same force and effect as if the jury had rendered a verdict. Accordingly, this court feels that a proper disposition of this matter calls for an analysis of the law and of the facts.
In this case, plaintiff, a lawyer, sues to recover the sum of $500 from the defendant for professional services rendered and disbursements incurred in connection with the defense of an action wherein Moss, the present defendant, was named as a third-party defendant in an action instituted in the Supreme Court, Nassau County.
No substantial dispute exists among the parties as to whether the plaintiff is entitled to the counsel fee and disbursements in the sum of $500. The material question posed by the parties is the third-party action instituted by Carl Moss against the Employers Liability Assurance Corp., Ltd., hereinafter referred to as “ Employers ” wherein Moss seeks a judgment over against Employers for the amount of any judgment rendered against him and in favor of the plaintiff.
Analyzing the testimony adduced by the parties upon the trial of this action, this court finds as a fact that Moss was engaged in doing certain roofing work at premises 2 West Park Avenue, Long Beach, New York, which work commenced in June, 1952 and continued until January, 1953. Moss had left various supplies at the said premises. The policy issued by Employers protected Moss against “ any suit against the insured alleging such injury * * * and seeking damages on account thereof even though such suit is groundless, false or fraudulent ”. Employers agreed to pay on behalf of the insured all sums which the insured (Moss) became legally obligated to pay and which was sustained by any person and caused by accident. Employers likewise agreed to reimburse the insured for all reasonable expenses. The policy did not include operations of the insured where the same had been completed (Products *573 Hazard) and specifically excepted from such exclusion “ the existence of tools, uninstalled equipment and abandoned or unused materials,” at any place of work.
In this case, the preponderance of the evidence convinced the court that Moss had left various materials on the job for the purpose of completing the same and that while such materials were on the job the plaintiff in the Supreme Court, Nassau County action (George De Maio) sustained injuries which the defendant and third-party plaintiff claimed in its third-party complaint and bill of particulars were caused “ solely by reason of the active and primary negligence and carelessness, both of omission and commission, on the part of third-party defendant in that if parts of the roof were in a defective and dangerous and unsafe condition, which caused water to seep through and to leak into the building upon the landing of said stairway during stormy and inclement weather * * * such acts and omissions to act were solely the acts and omissions of third-party defendant, and constituted active and primary negligence on its part and further constituted a breach of its said agreement with third-party plaintiff ”.
None of this testimony was refuted by Employers. Thus, these facts come squarely within the ruling of Goldberg v. Lumber Mut. Cos. Ins. Co. (297 N. Y. 148). That case is decisive of the facts at bar. In that case, Judge Fuld, speaking for the Court of Appeals, in construing the language of the insurance policy, which is virtually similar to the one at bar, stated (p. 153): “ In the clearest of terms, the insurer obligated itself to handle the defense of actions against the insured whenever the complaint served upon him alleged a state of facts covered by the policy, regardless of whether such allegations squared with objective truth or were utterly false and groundless. As previously noted, the company’s obligation was to ‘ defend in the name of and on behalf of the insured any suit against the insured alleging such injury and seeking damages on account thereof, even if such suit is groundless, false or fraudulent ’. ’ ’
Examining the pleadings of the Nassau County Supreme Court action we find that the claim made there against Moss is so vague insofar as the time when he was working at the premises is concerned that it became incumbent upon Employers to actually defend Moss in order to ascertain the manner and extent of liability on the part of Moss for the work that he had either done at the premises or was in the process of doing and, accordingly, I find Employers was required to defend Moss regardless of its ultimate rights regarding the payment of any *574 judgment that might have been recovered against Moss in that action.
For, Judge Fuld, as stated in the Goldberg v. Lumber case, (supra, p. 153) declared: “ Similarly irrelevant is the question whether it was essential to the tenant’s case to have alleged that the injury occurred while the insured — -the contractor — was still engaged in performing the work on the premises. (Cf. Campbell v. Sutliff, 193 Wis. 370, and Korson v. McCabe, 114 Conn. 752, with Coleman v. Guidone & Son, Inc., 192 App. Div. 120, and Ford v. Sturgis, 14 F. 2d 253.) For, regardless - of whether the assertion that the contractor was still engaged upon his job when the accident occurred was an operative allegation between pleader and insured in a negligence suit, it was explicitly rendered operative between insurer and insured by the policy of insurance.” This language is peculiarly applicable to the facts at bar.
That case is likewise authority for the proposition that the duty to defend is broader than the duty to pay. This principle was reiterated and reaffirmed as recently as June, 1956 in the case of Doyle v. Allstate Ins. Co. (1 N Y 2d 439).
It is, of course, axiomatic that in construing the provisions of the insurance policy prepared and issued by Employers any doubt pertaining to its construction must be construed against it. (Floralbell Amusement Corp. v. Standard Sur. & Cas. Co., 256 App. Div. 221.)
Still another important reason is advanced by Moss in seeking to hold Employers liable over to him in the event judgment is rendered in favor of plaintiff. It appears, without contradiction, that Moss was served with the Nassau County Supreme Court summons on June 15,1953. He promptly turned this summons over to his broker who in turn caused it to be delivered' to Employers on June 16, 1953. Employers thereupon proceeded to investigate this occurrence and about a month later and on July 17, 1953 Moss was interviewed by an investigator of Employers to whom he gave a two-page signed statement. In this statement, which was prepared by the investigator for Employers and which Moss signed after being questioned continuously for about two hours, Moss stated that he had been paid for this job in July and following June 18, 1952 he had not done any further work on this job and removed all of his men, tools and equipment. However, and upon the trial, Moss stated that this statement signed by him was not the fact for.he had left various equipment, which he enumerated, at the job for the purpose of returning to the job when it became colder, in order to complete the same. The claim now made by *575 Employers that the job had been commenced in June, 1952 when it did not cover Moss by the policy in suit is of no avail as it could have been a simple matter for Employers to have provided in this policy some provision which would have specifically exempted all jobs that had been commenced prior to the issuance of this policy. This court thus construes the attempt of Employers to avoid any liability under this policy as being in direct contradiction to its very terms and finds that Moss’ activities at the involved premises in January, 1953 were covered by this policy.
It further appears without contradiction that early in August, 1953, more than six weeks after the summons and complaint had been delivered to Employers, Employers returned to Moss said summons and complaint and refused to undertake the defense of the Nassau County Supreme Court litigation. Based upon this lapse of time and all of the attendant circumstances which were adduced upon the trial and the failure of Employers to adduce any proof on its part to indicate that this lapse of time was a reasonable one within which it was necessary to investigate this occurrence, this court holds that Employers is estopped from now claiming that it did not cover the suit in question and it is to be deemed to have waived such claim. The fact that it received and accepted the summons, retained the same and had its investigator interview Moss some 30 days following the receipt of the summons indicated to this court that Employers only interviewed Moss in accordance with the rights given to it under the policy, thus recognizing its validity. (Titus v. Glens Falls Ins. Co., 81 N. Y. 410.)
It would have been a simple matter had Employers found that it did not cover the accident in question to have read the summons and complaint and promptly returned it to Moss within a reasonable time. The retention of the summons and complaint, the investigation and examination of Moss and the securing of extensions of time to answer all indicate to this court a waiver on the part of Employers. (269 Canal St. Corp. v. Zurich Gen. Acc. & Liability Ins. Co., 226 App. Div. 516.)
Moss was compelled to undertake the defense of the lawsuit which Employers refused to do. Repeated efforts were made on the part of Moss’ attorney to have Employers take over such defense. These requests were of no avail. The Nassau County action was subsequently settled between the principal parties and the cause of action against Moss was discontinued. Moss then became obligated to pay to this plaintiff the sum of $500 for counsel fees and disbursements.
*576 Based upon all of the facts this court holds both upon the facts and the law that the plaintiff is entitled to judgment against the defendant Moss for the sum of $500, with interest, and the defendant Moss is entitled to judgment over against the third-party defendant Employers for the amount of the judgment recovered against Moss.