Norman A. Stiller, J.
Presented here by way of a motion for summary judgment pursuant to CPLB 3212 is the question of whether the plaintiff was an assured under the omnibus clause of a policy issued by the defendant to a third party covering the vehicle involved in an accident and, therefore, entitled to be defended by defendant in an action brought thereon. The pleadings and the agreed statement of facts provide that:
On December 6, 1962 a summons and complaint was served upon the plaintiff in an action entitled “ Eugene Huff v. Commercial Pipe and Supply Co.” which in pertinent part alleged as follows: ‘ ‘ That, heretofore and on or about the 23rd day of January, 1961, while plaintiff was lawfully and legally upon the premises owned by the defendant the said defendant, its servants, agents and/or employees, so'willfully, carelessly or negligently cut wire around ia bundle of steel pipes so as to cause said pipe to become loose and crash against, into and upon the said plaintiff.”
The circumstances of the accident were that Huff was operating a tractor-trailer owned by him but leased by Schreiber Trucking Corp. engaged in making a delivery to the plaintiff. Although Mr. Huff did not realize it, his truckload of pipe was diverted next door to the premises of Acme Nipple Co. and, therefore, employees of Acme, instead of the employees of plaintiff, helped Huff in the unloading process. The pipe fell onto Huff and injured him severely. Although the complaint does not specifically state that the injury occurred during the unloading process, the stipulation is to the effect that it did. Huff, under the misconception that the accident happened on plaintiff’s premises and that plaintiff’s employees participated, brought suit against it.
On receipt of the summons and complaint served, the plaintiff turned them over to its public liability carrier, the Employers Insurance Co. (hereinafter referred to as “Employers”) for proper defense.
Employers policy then in effect provided public liability insurance as follows: ‘ ‘ Other insurance. If the insured has other insurance against the loss covered by this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the *872 declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile by the insured on the cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.” (Emphasis supplied.)
Thereupon, Employers sought to determine if there was other coverage which would make its coverage excess under the above provision, and ascertained that Schreiber Trucking was insured at the time for automobile liability insurance covering the truck in question under a policy issued by defendant which provided in pertinent part:
“ Coverage A- — Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile.”
“ Defense, Settlement, Supplementary Payments: With respect to such insurance as is afforded by this policy, the company shall:
(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;
pay expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company’s liability thereon ”.
“Definition of Insured: The unqualified word ‘insured’ includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof; provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured.”
“ Purposes of Use Defined: (c) Use of an automobile includes the loading and unloading thereof.” (Emphasis supplied.)
Employers then sent the summons and complaint to the defendant, demanding on plaintiff’s behalf that the defendant represent *873 plaintiff in the action, since the accident occurred in the course of unloading the truck and that plaintiff is an omnibus insured under said automobile policy issued to Schreiber. The defendant Allstate refused.
Employers proceeded to defend the action on behalf of the plaintiff, which included bringing a third-party action against those employees of Acme Nipple who had participated in the unloading and who the Huff complaint alleged were employed by the plaintiff. The defendant undertook the defense of the third-party action on behalf of those men. The Huff action ended in a nonsuit because it was evident from Huff’s proof alone that those unloading were not employees of the defendant. The third-party action was, therefore, likewise dismissed.
Employers, in undertaking the defense, obtained from the plaintiff a loan agreement in which plaintiff was to reimburse Employers for the expenses of defending plaintiff in the action to extent of recovery had herein. It is agreed in this action that such expense is in the sum of $7,239.12 plus interest from October 19, 1966. Defendant herein also puts at issue the question of whether the plaintiff is the true party in interest.
The present action is brought for the purpose of recovering this stipulated amount.
The plaintiff urges that under the terms of the defendant’s policy as above set forth the defendant was obligated to defend the Huff action as an additional insured. There is no question that under cases such as Wagman v. American Fid. & Cas. Co. (304 N. Y. 490), since the accident happened during the unloading process, that any person or corporation engaged in that process is using the vehicle with the permission of the named insured and, therefore, is an insured.
It is also well recognized that an insured is entitled to protection in full against lawsuits, including the defense and payment in the event of a recovery, regardless of how groundless, false, baseless or ridiculous those suits may be. (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148; also Summer & Co. v. Phoenix Ind. Co., 265 App. Div. 911.)
The crucial question, therefore is: “Was the plaintiff an insured under the defendant’s policy ”.
The definition of an insured as contained in the policy includes the named insured and also any person while using the described vehicle with his permission. Obviously since plaintiff is not the named insured, the plaintiff can be classified as an insured only if plaintiff was using the vehicle with such permission.
*874 The only proof that plaintiff can produce to substantiate the use of the truck by it is the bald cl aim of Huff. In other words, Huff’s claim is that the plaintiff is in the classification of insured. This alone is not sufficient to make it so. The plaintiff does not claim that it or its employees were engaged in the operation of unloading, and thus plaintiff, in effect,, denies that it comes in the necessary classification.
It may be argued that the evidence in the Huff trial might have implicated plaintiff in the unloading process, in which event plaintiff would qualify as an insured and be entitled to full coverage under the policy. This is correct, but the proof might just as well have been that the accident happened on premises of plaintiff as alleged in the complaint and that unloading was not involved, in which event Employers was under the obligation to defend. True it is .that in refusing to defend, the defendant acts at its peril, since, if the verdict was such that the plaintiff was connected with the unloading process, the defendant is liable not only for the cost of defense, but for the judgment rendered as well.
If an action had been brought by plaintiff against defendant for a declaratory judgment at the time of the receipt of the Huff suit papers, it is well to consider whether the plaintiff could have succeeded. Keeping in mind that plaintiff’s only claim to coverage must be that plaintiff was using the truck with permission of the named insured, plaintiff, to succeed, must offer proof that it was engaged in the unloading procedure in some manner. Plaintiff denies being so engaged, and any proof offered through the medium of Huff or other witnesses would have obviously resulted in a finding that plaintiff was not engaged in unloading in any manner and, therefore, plaintiff must fail as to such declaratory judgment.
Tending to confuse the issue is that part of the policy which provides that the company must defend any suit against the insured alleging covered injury regardless of how groundless', etc. The plaintiff has apparently placed its emphasis upon the words ‘ ‘ regardless how groundless ’ ’ etc., but has overlooked the requirement that it must first satisfy the provision that it is an insured. This provision is all-important and is decisive to the issues herein.
The question of who is properly party plaintiff now becomes academic in view of the decision herein.
Judgment may be entered in favor of the defendant dismissing the complaint herein.