Max Bloom, J.
Plaintiff, an insurer, seeks a declaration confirming a disclaimer by it under an accountants excess professional liability policy issued to the defendant (Rainess).
The case arises by reason of an action brought against defendant and others in the United States District Court for the Eastern District of Pennsylvania charging all of the defendants in that action with violation of the Securities Act of 1933 (U. S. Code, tit. 15, § 77a et seq.) and the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78a et seq.), both as amended. Included in the four counts of that complaint are charges of conspiracy to engage in acts prohibited by the securities laws. Although the complaint does not apportion the affirmative acts among the alleged coconspirators, these acts are claimed to be of several kinds. Thus, there is the claim of false representations by defendants, knowing them to be false when made; intentional concealment of salient material facts, and failure to disclose other pertinent material.
The policy issued by plaintiff to Rainess was in the nature of a standard malpractice policy. It provides that plaintiff is required to pay, on behalf of Rainess, all sums in excess of $25,000 (referred to in the policy as the “ retained limit”) which Rainess might be required to pay as damages, arising out of the performance of professional services rendered by Rainess to others. Other provisions of the policy indicate that where a claim is subject to adjustment, without suit, the expense incident to such adjustment is to be borne by Rainess. Where, however, plaintiff requires contest of a claim all charges and expenses in connection therewith are to be borne by the plaintiff up to, but not exceeding, the face amount of the policy. Additionally, the conditions of the policy provide that Rainess shall defend any contested claim, subject to the right of plaintiff to take over and conduct the defense or settlement thereof.
Most germane to the issues here involved are certain exclusions, among which is liability arising from “ any dishonest, fraudulent, criminal or malicious act or omission ” committed by Rainess. Basing its action on the contention that the complaint in the Pennsylvania action made repeated reference to acts of fraud allegedly committed by the defendants therein, in conspiracy with each other, plaintiff disclaimed liability under its policy and refused to defend on behalf of Rainess or to pay the costs and expenses incident thereto. This left Rainess with no alternative but to proceed with its own defense. In connection therewith, it has incurred expenses of an apparently substantial nature.
*1084 By reason of the controversy between the parties, the plaintiff sought a declaratory judgment confirming its disclaimer. Both sides now move for summary judgment. Rainess asserts that the judgment to be entered herein declare that plaintiff is liable for any sum recovered against it in the Pennsylvania action and that it be awarded reimbursement for all sums expended or to be expended by it in connection with the defense of' that action. Plaintiff seeks more limited relief. It seeks a declaration that the claims set forth in the Pennsylvania complaint do not fall within the perimeters of the policy and that it bears no responsibility for the costs of defense or for payment of any judgment which may be recovered against Rainess, unless the recovery is based upon facts that bring it within the ambit of the policy.
Thus two specific issues must be resolved. On the facts presented does the coverage stipulated in the policy encompass the Pennsylvania action? Regardless of the answer to the first question, is plaintiff required to defend on behalf of Rainess or, in the alternative, bear the cost of Rainess’ defense?
I
The complaint in the Pennsylvania action alleges, in part, violations of subdivision (b) of section 10 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78j) and rule 10b-5 of the Securities Exchange Commission (Code Fed. Reg., tit. 17, § 240.10b-5), which together prohibit any act tantamount to common-law fraud in connection with the purchase or sale of shares of stock, whether or not -such shares are registered on a national exchange. In addition, the statute and regulation prohibit any untrue statement of a material fact as well as the omission of any material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading. Thus, the law applicable to such a cause of action goes much beyond a common-law action for fraud and deceit. While the precise scope of the section, as amplified by the rule, remains somewhat amorphous (Securities & Exch. Comm. v. National Securities, 393 U. S. 453, 466-467), it is plain that they furnish the basis for an action, even though the misleading statement was made in good faith and with the honest belief that it was true, or the failure to state a material fact necessary to present the situation in its proper light resulted from negligence. In short, and in contradistinction to an action for fraud and deceit, scienter is not an essential element of proof. (City Nat. Bank of Fort Smith v. Vanderboom, 422 F. 2d 221, 229 [C. A. 8th]; Mysel v. Fields, 386 F. 2d 718, 734 *1085 [C. A. 8th]; Globus v. Law Research Serv., 418 F. 2d 1276,1290-1291 [C. A. 2d]; Royal Air Props, v. Smith, 312 F. 2d 210, 212 [C. A. 9th]; Stevens v. Vowell, 343 F. 2d 374, 379 [C. A. 10th]).
The first count of the Pennsylvania complaint pleads three separate theories recognized as actionable under subdivision (b) of section 10 and rule 10b-5. These theories include the common-law doctrine of fraud, misstatements of material facts (which may or may not have been made in good faith); and the omission to state facts necessary to make such omissions, in the light of the circumstances in which they were made, not misleading (which may or may not have been the result of negligence). Indeed, of the overt acts claimed to have been performed in furtherance of the alleged conspiracy, all except one are bottomed upon a failure of disclosure.
While the first theory is plainly within the boundaries of the policy exception, the other two theories may or may not be, depending upon the proof adduced upon the trial. Certainly, the mere charge of conspiracy cannot, without more, have the effect of bringing them within the embrace of the exclusion. 1 ‘ The policy in this State has been to deny the declaratory judgment where the matter in dispute can be determined in the basic * * * action but to permit the action when the dispute is such that it depends on matters outside of the * * * action or will not arise * * * as part of the lawsuit ”. (Nationwide Mut. Ins. Co. v. Dennis, 14 A D 2d 188, 189.) A determination of the obligation to pay must await “ the applicability of the exclusion clause in light of the actual facts ” (Rochester Woodcraft Shop v. General Acc. Fire & Life Assur. Corp., 35 A D 2d 186, 187). Since the answer to that problem may well be provided in the Pennsylvania proceeding, this action for a declaration confirming the disclaimer is premature. Accordingly, and to the extent that it seeks such relief, it is dismissed, without prejudice to such action as plaintiff may deem advisable in light of the proof which may be submitted in the Pennsylvania action.
II
The second issue poses a more concrete and less ambivalent problem. Moreover, it is the crux of the controversy between the parties for it now seems that there is more than passing likelihood that the Pennsylvania action may be settled, without contribution by Rainess.
Our ‘1 courts have recognized that the obligation to defend is broader than the duty to pay” (Lionel Freedman, Inc. v. Glens Falls Ins. Co., 27 N Y 2d 364, 368).
*1086 ‘ ‘ The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the insured to defend the question is not whether the injured party can maintain a cause of action against the insured, but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured’s ultimate liability [citing cases].
“In short, the policy protects the insured not only against injuries for which there is unquestioned liability, but also against lawsuits on their face within the compass of the risk against which insurance was taken, no matter how groundless, false or baseless those suits may be”. (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148, 154.)
Nor is it necesary that every claim encompassed by the complaint be within the ambit of the protection purchased. If alternative grounds are asserted, some within and some without the coverage of the policy, the duty to defend follows. Only if the complaint fails to allege any basis for recovery within the coverage clause may the refusal to defend be sustained. (Lionel Freedman, Inc. v. Glens Falls Ins. Co., supra; Lee v. Aetna Cas. & Sur. Co., 178 F. 2d 750.) And it is the claim asserted in the complaint which defines the insurer’s obligation (Everlast Sportswear Goods Mfg. Co. v. Aetna Ins. Co., 23 A D 2d 641; Lee v. Aetna Cas. & Sur. Co., supra).
Here, the first count of the complaint sets forth a cause of action which, as has been shown, is arguably within the reach of the policy’s coverage. Necessarily, therefore, the duty to defend follows.
Accordingly, I hold that plaintiff is required to defend the Pennsylvania action and defendant is entitled to a declaration to that effect. Under the terms of the policy, plaintiff had the option to undertake that burden or to impose it upon Rainess upon payment of the costs and expenses incurred as a result thereof. By its action it has placed the onus upon Rainess. Accordingly, Rainess is entitled to reimbursement for the reasonable costs and expenses of defense made necessary by plaintiff’s action. Unless the parties can agree upon the amount of reimbursement, that question will be set down for assessment.