Albebt Obenstein, J.
This is an appeal by the plaintiff-appellant, Bornhurst, Inc., from an order of the Syracuse City Court (William J. Bubke, J.) granting defendant-respondent’s motion for summary judgment and denying plaintiff-appellant’s cross motion for summary judgment.
This action was instituted in City Court of the City of Syracuse, New York, to recover damages for breach of contract of insurance in effect between the plaintiff and defendant on and prior to January 5, 1968 under Policy No. 07 C 49326 issued by the defendant-respondent and for expenses incurred on behalf of the plaintiff-appellant defending certain third-party actions instituted by William Schultz, Carpenter Hauling & Bigging Co., Inc., arising out of injuries sustained by plaintiff-appellant’s employee, Irwin Gibson, as a result of an accident which occurred January 5,1968.
Bornhurst and Hartford entered into an insurance agreement prior to January 5, 1968. This agreement was still in effect on January 5, 1968. The policy was a comprehensive policy insuring Bornhurst against liability for bodily injury and property damage.
On January 5, 1968, Bornhurst had crews erecting steel at a school site in LaFargeville, New York. Bornhurst pursuant to a contract with the general contractor, Wingerath Bros., Inc., hired a rigging company, Carpenter Hauling and Bigging Co., Inc., to provide a crane as needed.
*904 On January 5, 1968, Irwin Gibson, an employee of Bornhurst was seriously injured. Irwin Gibson brought suit for bodily injury against the general contractor and the rigging company operator, William Schultz. Essentially, the employee claimed that the general contractor and rigging company were negligent and that this caused his injuries.
A third-party action was brought by the rigging company against Bornhurst. The complaint claimed that a Bornhurst employee had signed an indemnity contract as part of a work order. Additionally, there were miscellaneous allegations concerning general acts of negligence. The negligence allegations are contained in the third-party complaint, paragraph 12, and state: “ That if the allegations of plaintiff’s complaint be established * * * such negligence was active and affirmative on the part of Bornhurst, Inc., * * * in the operation, control, management and supervision of the said mobile crane * * * and was not caused by reason of any negligence * * * upon the part of this defendant and third party plaintiff.”
The work order contained an agreement on the back. The agreement promised: “ to indemnify and save [Carpenter] and its employees harmless from all claims for death or injury to persons arising in any manner out of [Bornhurst’s] operation of said mobile crane. ’ ’
This language was pleaded in paragraph 8 of the third-party complaint as the primary allegation against Bornhurst.
Bornhurst made a request upon Hartford to defend this third-party complaint. The request was denied by Hartford citing certain exclusions in the policy. The exclusions which presently concern us state: “ This policy does not apply: (a) to liability assumed by the insured under any contract or agreement except an incidental contract * * * (h) to bodily injury to any
employee of the insured arising out of and in the course of his employment by the insured.”
Bornhurst defended the action and subsequently instituted this action to recover the defense costs. Hartford claimed that the indemnity contract was specifically excluded from coverage in the insurance policy. The City Court accepted this view and granted summary judgment.
The motion for summary judgment is governed by CPLR 3212. CPLR 3212 (subd. [b]) states: “The motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of *905 any party. The motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact.” However, the practice commentary to CPLR 3212 states that these fact questions must be material and relate to the question of liability between the parties before the court on this motion. Bornhurst alleges three factual questions.
The questions are:
“ (a) Was there a contract between the rigging company and Bornhurst on the date of the injury?
“ (b) Did the Bornhurst employee have actual or apparent authority to enter into the contract?
“ (c) Was this an incidental contract so as not to come within exclusion (a) of the insurance policy? ”
The first two questions certainly pose factual questions. However, the questions relate to the rights and duties between Bornhurst and the rigging company. These are evidentiary matters which must be proved by the rigging company in order to recover against Bornhurst. The Court of Appeals has recently been called upon to decide this issue. In Lionel Freedman, Inc. v. Glens Falls Ins. Co. (27 N Y 2d 364, 368), the court stated: ‘1 The courts have recognized that the obligation to defend is broader than the duty to pay (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148,154). It extends to any action, however groundless, false or fraudulent, in which facts are alleged within the coverage afforded by the policy (Prashker v. United States Guar. Co., 1 N Y 2d 584) * * * But, if we can determine that no basis for recovery within the coverage of the policy is stated in the complaint, we may sustain defendant’s refusal to defend.” (Emphasis added.)
The allegations in the third-party complaint dictate the extent of the duty to defend. The truth or falsity of these allegations may not in any manner alter the duty as between the insurer and the insured. Therefore, the first two proposed factual questions are irrelevant as between Bornhurst and Hartford. The indemnity agreement alleged in the pleadings does not come within the policy. Therefore, there was no duty upon Hartford to defend.
Bornhurst’s third proposed factual question concerns exclusion a as follows: “ This insurance does not apply (a) to liability assumed by the insured under any contract or agreement except an incidental contract.” (Emphasis in original.)
This exclusion specifically excepts any “ incidental contract The insurance company accepts the duty as to any action arising from an incidental contract. Therefore, if this signed work *906 order comes within the policy’s definition of an incidental contract, Hartford must defend. The insurance policy defines incidental contract as: “any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement.”
The appellant argues that a factual question exists as to whether the lease of a crane is a lease of “ premises ”. The policy contains a definition of “mobile equipment”. It states: “‘mobile equipment’ means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled * * * (2) maintained for use exclusively on premises owned by or rented to the named insured * * * or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle; power cranes.”
Power cranes are clearly brought within the definition of mobile equipment. Additionally this section clearly indicates that within the meaning of this policy premises relates to property. The crane is equipment and cannot be viewed as premises.
It should be further noted that the basic claim pleaded against Bornhurst in the third-party complaint was that it agreed: “ to indemnify and save [Carpenter] and its employees harmless from all claims for death or injury to persons arising in any manner out of [Bornhurst’s] operation of said mobile crane.”
And the first exclusion in the'policy provides: ‘ ‘ This insurance does not apply (a) to liability assumed by the insured under any contract or agreement.” (Emphasis in original.)
Since the claim was pleaded under an indemnity contract, it is excluded from coverage by Hartford. Exclusion “ a ” eliminates ‘ ‘ incidental contracts ’ ’. These are clearly defined. The indemnity contract in this case cannot conceivably be considered within the definition nor within any of the other situations set forth in the definition of incidental contracts; therefore, no duty arose on the part of Hartford to defend. (Trepacz v. General Acc. Fire & Life Assur. Corp., 32 A D 2d 736 [4th Dept., 1969].)
Even assuming that the indemnity agreement that the third-party claim was based upon was in some way limited as to negligence, it is clearly a claim for damages growing out of injuries sustained by an employee of Bornhurst in the course of his employment.
*907 The policy is inapplicable by exclusion (h): “ to bodily injury of any employee of the insured arising out of and in the course of employment by the insured.” (Emphasis in original).
The workmen’s compensation carrier accepted the defense as to this negligence theory of recovery. The import of the Hartford policy was to avoid duplication in the workmen’s compensation coverage. Therefore, exclusion (h) excused Hartford from any responsibility to defend a claim which comes within the coverage of the workmen’s compensation statute such as we have in this case.
The third-party claim alleged an indemnity agreement and the negligence claim. These both come clearly within the exclusion set forth in the Hartford policy.
The summary judgment was properly granted by the lower court and the order appealed from is affirmed.