■ INTERNATIONAL PAPER COMPANY, Appellant, v. CONTINENTAL CASUALTY COMPANY, Respondent.— Order, Appellate Term of the Supreme Court, First Department, entered on October 20, 1972, reversing order, Civil Court, New York County, entered June 13, 1972, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The facts are recited briefly, having been fairly covered in the dissent. Plaintiff-appellant was sued by a female employee for assault inflicted by a fellow employee, and called upon defendant-respondent insurance carrier to defend under its policy of insurance. Defendant insurer having disclaimed, plaintiff assured has sued for the expense of its own defense. The pertinent paragraphs of the underlying complaint recited the employer's obligation "to furnish * * * a safe place to work", which, it was said, was breached by negligently employing and failing to supervise a mentally unstable coemployee with "knowledge of his propensity". Further, that the coemployee's alleged assault on her was initiated at the employer's premises, from which she was forced to depart by her assailant to another place, at which an attempt at rape was made. The described claim is patently cognizable under the Workmen's Compensation Law, a species of coverage unmistakably and utterly excluded under the policy: "EXCLUSIONS This policy does not apply: * * * (C) Except with respect to liability assumed under contract covered by this policy, to bodily injury to * * * any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law * * * (D) To any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation * * * or under any similar law". Where, as here, an entire area of possible claim is completely excluded from consideration under the policy as a basis for any obligation on the part of the carrier, there is no point in even considering the difference, as the dissent does, between obligations to defend and to pay. There is no obligation at all once it is clearly established that the claim lies in the excluded area. "The courts have recognized that the obligation to defend is broader than the duty to pay (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.,* 297 N. Y. 148, 154). It extends to any action, however groundless, false or fraudulent, in which facts are alleged within the coverage afforded by the policy (*Prashker* v. *United States Guar. Co.,* 1 N Y 2d 584). This

duty includes the defense of those actions in which alternative grounds are asserted, some within and others without the protection purchased. But, if we can determine that no basis for recovery within the coverage of the policy is stated in the complaint, we may sustain defendant's refusal to defend." (*Lionel Freedman, Inc.* v. *Glens Falls Ins. Co.*, 27 N Y 2d 364, 368.) Here, there was "no basis for recovery within the coverage of the policy" and consequently Appellate Term's dismissal of the Civil Court complaint for the expenses of the underlying suit was proper and should be affirmed. Concur—Markewich, J. P., Lane and Capozzoli, JJ.; Kupferman and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We believe the order of the Civil Court (Myers, J.) granting summary judgment to the plaintiff and directing an assessment of damages was correct and that the order of the Appellate Term, reversing and granting summary judgment to the defendant, was erroneous. The facts are not in dispute. Plaintiff, International Paper Company (hereinafter International), is the insured under a policy issued by defendant. The policy insures against liability for accidents resulting in personal injuries. Plaintiff was served with a complaint by one McDermott alleging personal injuries due to the negligence of International (the plaintiff herein). The alleged negligence consisted in the defendant's keeping in their employ one Crowther, known to be of unstable mentality, and in plaintiff, also an employee of International, being exposed to association with Crowther and being assaulted by him. International duly advised defendant herein of the suit and defendant declined to defend on the ground that the complaint alleged a claim outside the coverage of the policy. Plaintiff thereupon provided its own defense, pleading and establishing that an application for workmen's compensation was McDermott's sole remedy. Consequently International succeeded in that action. The present suit is for the expenses of defending the McDermott action. The policy provides: " With respect to such insurance as is afforded by this policy, the company shall: " (A) Defend any suit against the insured alleging such injury  *  *  *  even if such suit is groundless ". The policy excepts liability if benefits are required to be paid under any workmen's compensation law or any obligation for which the insured may be held liable under any workmen's compensation law. It is true that it was eventually determined that McDermott's claim was barred by workmen's compensation, as that law provided the sole remedy. But that was not McDermott's contention. She was asserting a common-law right to damages for injuries caused by the defendant's negligence. It was only by asserting and proving facts that brought the claim within the coverage of the compensation statute that the action was defeated. Had the plaintiff prevailed in her contention either on the facts or the law, the defendant here would have been obligated not only to defend but to pay the judgment. Reading the exception in the light of the policy as a whole, it would appear that what is not covered are claims for compensation under compensation laws. There the defendant is neither obligated to pay nor to defend. With regard to a situation such as the one in suit, conceivably there may be an obligation to defend but not to pay the claim. That such distinction of obligation exists is well established (*Goldberg* v. *Lumber Mut. Cas. Ins. Co. of N. Y.*, 297 N. Y. 148, 154). Here it could come about if it were established on a common-law complaint that the claim was cognizable in compensation but the employer by failure to provide insurance was barred from asserting the defense. It is argued that the decision in *Lionel Freedman, Inc.* v. *Glens Falls Ins. Co.* (27 N Y 2d 364) is dispositive of this case. It is not. There the policy excepted accidents arising from the operation of elevators. The complaint alleged such an accident. The

Court of Appeals stated that if it could be determined from the complaint that there was no basis for recovery within the coverage provided, the refusal to defend could be sustained. In that case whether or not the plaintiff proved his case the insurer would not have been obligated. Here if the plaintiff McDermott had established that this was not a claim compensable under the statute, the insurer would be liable. While it was probable from the complaint that the claim would not succeed, that could not be determined prior to the outcome. The mere fact that the compensation statute was the ground of both the defense and the policy exemption does not affect plaintiff's right to have the action defended. Even a complaint demurrable for stating no cause of action at all must be defended. So must one debatable or plainly subject to defeat because of an untenable theory.