Alexander, J.
(dissenting). Because the majority today discards a rule of long standing and, in my view, does so without justification and under circumstances not warranting such a drastic departure from settled precedent, I respectfully dissent.
It is axiomatic that the obligations of a liability insurance *71 carrier to its insured are governed by the terms of the contract of insurance between them and it is only by examining the terms and conditions of that policy that those obligations can be determined with certainty. Obviously, where an insured has been found liable to a third party in respect to a risk covered by the policy, the carrier is obligated to indemnify its insured. Additionally, where the policy so provides, the carrier is obligated to defend its insured against claims asserting risks covered by the policy. Indeed the rule is firmly established that the duty to defend is broader than the duty to indemnify (Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 669-670; Servidone Constr. Corp. v Security Ins. Co., 64 NY2d 419, 424). When the policy contains the insurer’s promise to defend the insured, the "liability insurance” is in fact "litigation insurance” as well (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304; International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326).
However, this Court has repeatedly held, in a long line of cases, unbroken until now, that the duty of a liability insurer to defend an action brought against an insured is determined by the allegations in the complaint pursuant to which the insured’s liability is asserted (see, Meyers & Sons Corp. v Zurich Am. Ins. Group, 74 NY2d 298; Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66; Servidone Constr. Corp. v Security Ins. Co., 64 NY2d 419, supra; Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, supra; International Paper Co. v Continental Cas. Co., 35 NY2d 322, supra; Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148). "If the facts alleged [in the complaint] raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend” (Meyers & Sons Corp. v Zurich Am. Ins. Group, 74 NY2d 298, 302, supra).
In determining whether there is a duty to defend however, the Court must compare the allegations of the complaint with the terms of the policy (see, Lionel Freedman, Inc. v Glens Falls Ins. Co., 27 NY2d 364, 367). If those allegations, on their face, are within the compass of the risk covered by the insurance policy, the insurer is obligated to assume the defense of the action[1] (Goldberg v Lumber Mut. Cas. Ins. Co., *72 supra; International Paper Co. v Continental Cas. Co., 35 NY2d 322, supra). Conversely, it logically follows, that if that comparison demonstrates that those allegations are not within the coverage of the policy, the insurance company’s duty to defend does not arise (see, Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148). Indeed where it can be determined "that no basis for recovery within the coverage of the policy is stated in the complaint * * * defendant’s refusal to defend [may be sustained].” (Lionel Freedman, Inc. v Glens Falls Ins. Co., 27 NY2d 364, 368, rearg denied 28 NY2d 859, supra; Sucrest Corp. v Fisher Governor Co., 83 Misc 2d 394, 400.)
The underlying negligence complaint of Linda A. Fitzpatrick seeks to recover damages for the wrongful death of her husband John Fitzpatrick which allegedly occurred while he was operating a 1985 Honda ATV all-terrain vehicle. The complaint alleges that Cherrywood Property Owners Association owned the premises where the accident occurred, that the codefendant Frank Moramarco is an employee, agent and/or servant of Cherrywood Property Owners Association, that the offending vehicle was owned by Moramarco and was being operated with the permission and consent of Moramarco and Cherrywood Property Owners Association. The complaint alleges further that Moramarco and "Cherrywood” were negligent and careless in the ownership, operation, maintenance of the premises owned by "Cherrywood” and the ownership, maintenance, use, supervision and control of the 1985 Honda ATV.
The National Casualty policy at issue here, was issued to Cherrywood Landscaping, Inc. and names that entity as the insured. The policy also provides that "any executive officer, director or stockholder (of the named insured) while acting within the scope of his duties as such”, is also insured.
A comparison of the allegations of the Fitzpatrick complaint with the provisions of the National Casualty policy demonstrates that the named defendant, Cherrywood Property Owners Association is not an insured under the policy. The insured is Cherrywood Landscaping, Inc. — a completely different corporation. Frank Moramarco is a covered person under this *73 policy only insofar as he is acting within the scope of his activities as an "executive officer, director or stockholder” of Cherrywood Landscaping. The Fitzpatrick complaint alleges Moramarco’s liability individually and as an officer, director, agent and/or employee of Cherrywood Property Owners Association. Under settled principles of law therefore since the insured under the policy is not a party to this lawsuit, the event alleged in the complaint is not a covered event under the policy and the carrier’s duty to defend does not arise.
Deviating from these settled rules, the majority concludes that notwithstanding that the Fitzpatrick complaint, when compared to the terms of the policy, fails to demonstrate the existence of a covered event, "the insurer must provide a defense if it has knowledge of facts which potentially bring the claim within the policy’s indemnity coverage” (majority opn, at 66). It should be noted that to support this proposition the majority relies upon cases from other jurisdictions which impose an obligation upon the insurance company to investigate the claim before declining to defend — a requirement that this Court has never before imposed.[2]
The rule which until now has prevailed in this jurisdiction provides certainty in this area of law and is easily applied. By changing the rule, the majority has supplanted certainty with uncertainty; an insurer now will be less clear as to what, if any, investigation it must make into a demand to defend and when it is permissible to decline representation. Concomitantly, the new rule presumably will increase collateral proceedings such as this, to determine whether an insurer in fact has a duty to defend. These collateral proceedings will be made more complicated because courts now will be obligated to look beyond the allegations in the complaint to discover the "actual” facts, or at a minimum whether the insurer "knew” or perhaps even "should have known” of such "actual facts”. The rule could also place the insured in the position of *74 dictating the theory of the action, conceivably requiring the carrier to defend a claim the plaintiff has no intention of asserting merely because allegedly there are "facts” which support such a claim.[3]
The majority posits this new rule as being corollary to the established rule that where the allegations of the complaint state a claim within the coverage of the policy, the "insurers [may not] look beyond the complaint’s allegations to avoid their obligation to defend” (majority opn, at 66). The fact is, however, that under the rule cited by the majority, "the insurance company’s duty to defend came into being when it appeared from the allegations in the negligence action that the injury was within the coverage of the policy, and it persisted despite the advice [from the insured] pointing [to] a contrary conclusion” (Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148, 154, supra [emphasis added]).
Thus it is clear that under that established rule it is the allegations of the complaint, compared to the policy provisions, that trigger the duty to defend, a duty which persists notwithstanding that liability may ultimately be shown not to exist. This rule gives certainty to the inception of the carrier’s duty to defend and is entirely consistent with its obligations under its policy. No satisfactory reason for altering this rule is shown to exist here; thus the order granting summary judgment to the third-party defendant National Casualty Co. should be affirmed.[4]
*75 Chief Judge Wachtler and Judges Kaye and Bellacosa concur with Judge Titone; Judge Alexander dissents and votes to affirm in a separate opinion in which Judges Simons and Hancock, Jr., concur.
Order reversed, etc.

. Thus far from being a woodenly applied " 'four corners of the complaint rule’ ” (majority opn, at 66) this comparison requirement serves to give certainty and definiteness to the insurer’s duty to defend. Indeed the proposition advanced by the majority that the "allegations in the complaint *72 may provide the significant and usual touchstone for determining whether the insurer is contractually bound to provide a defense” (majority opn, at 66) abandons any truly objective standard by which to determine whether a duty to defend arises under the contract of insurance, and expresses the majority’s intent to substitute an uncertain subjective standard.

. Notably, the only two New York cases cited by the majority (Commercial Pipe & Supply Corp. v Allstate Ins. Co., 36 AD2d 412, affd 30 NY2d 619; and Sucrest Corp. v Fisher, 83 Misc 2d 394) reaffirm and rely upon the rule now rejected by the majority. Indeed in Sucrest, the court relied upon the allegations of the main complaint, in conjunction with those of the supplemental complaint in determining the existence of a duty to defend (83 Misc 2d, at 403; see also, Chatham Corp. v Argonaut Ins. Co., 70 Misc 2d 1028). In Commercial Pipe & Supply Corp. (supra), unlike here, the insured was a properly served defendant and the allegations of the complaint potentially brought the case within the coverage of the policy.

. Notwithstanding the majority’s "perplexity” (majority opn, at 68, n 3) it is clear that although apparently aware of the "true facts”, rather than promptly amending the complaint in the underlying action, the attorney for Linda Fitzpatrick submitted an affidavit to Supreme Court opposing National Casualty’s motion to dismiss, thus evincing no apparent interest in asserting a claim against Cherrywood Landscaping.

. Indeed the majority’s new rule makes little sense in this area of the law where the court has continually sought certainty. The settled rule has worked well as illustrated by this very case. As the majority acknowledges (see, at 69, n 4), it appears that the plaintiff in the underlying personal injury action belatedly has amended the complaint to include the insured Cherrywood Landscaping, Inc., as a party defendant and to include the "actual facts” regarding ownership and control of the ATV. If the majority’s suggestion that there is no basis for so concluding that the "actual facts” have now been alleged, is accepted, one can only wonder why the complaint was amended, a cross claim asserted by Cherrywood Property Owners Association and a defense assumed by National Casualty. These developments demonstrate beyond peradventure the complete lack of any necessity to revise our long-standing rule in order to resolve this case.