## HARDWARE MUT. CASUALTY CO. v. MASON–MOORE–TRACY, Inc.

United States District Court
S. D. New York.
March 30, 1951.

Hughes, Flamman & Simpson, New York City, James A. Hughes, New York City, of counsel, for plaintiff.

Wasserman, Behr & Shagan, New York City, Bernard A. Green, New York City, of counsel, for defendant.

S. H. KAUFMAN, District Judge.

This is an action for a declaratory judgment to determine the liability of plaintiff-insurer, a Wisconsin corporation, under a policy of insurance issued to defendant, a New York corporation. There is also a cross action by the insured for damages arising from an alleged breach of the contract of insurance. Jurisdiction is based on diversity of citizenship. 28 U.S.C.A. § 1332(a) (1).

The facts, briefly stated, are these: Plaintiff issued to defendant a "Manufacturer's and Contractor's" liability policy numbered 328140. During the period of coverage, defendant entered into an agreement with T. M. Stewart, Inc. to move certain carpet cleaning machinery from premises occupied by Stewart at 438 West 51st Street, Manhattan. In the course of the work, defendant's riggers were endeavoring to remove from the building a heavy piece of machinery known as a "rug beater". The riggers suspended the machinery within the cage of the elevator in the premises by means of a rope attached to the top of the elevator shaft and running down to the rug beater through an opening on top of the cage. While the device was in the cage, the elevator, for some unexplained reason, started to move up and down. The movement of the elevator caused the rope suspending the machinery to break and, as a consequence, the entire weight of the rug beater came to rest upon the floor of the elevator. This caused the elevator to descend to the bottom of the shaft, where it was damaged by the impact. A maintenance company was called in to raise the elevator. During its operations the elevator again fell and additional damage was done to it and to the equipment.

The owners of the building and the lessee of the lower floors instituted an action in the New York Supreme Court against the present defendant, the maintenance company and Stewart to recover damages for injury to the property resulting from their negligence, including damages for the loss of use of the property for rental and business purposes. Defendant (the insured) forwarded the summons and complaint to Hardware Mutual, which disclaimed liability on the ground that the alleged accident was not within the coverage of the policy. The action for damages was settled during trial for $3,300, of which this defendant paid $1,300. Defendant now seeks to recover this sum from plaintiff plus $6,250 fees expended by defendant for attorneys' fees in the defense of that action.

Plaintiff contends that according to the terms of the policy it was under no obligation to defend the action brought against the defendant, and that therefore it need not pay the amount defendant contributed toward the settlement of that action, or defendant's legal expenses therein.

■ *Coverage B* of the insurance policy binds the insurer "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined." The hazards so defined are: "(a) All operations during the policy period which are necessary or incidental to the ownership, maintenance or use of the premises, and (b) the ownership, maintenance or use of the premises."

The allegations of the injured parties' complaint brought the case within *Coverage B* and the definition of hazards. However, both the "coverage" and the "hazard" clauses are limited by an "exclusion" clause which provides that "This policy does not apply. * * * to injury to or destruction of property owned, rented, occupied or used by or in the care, custody or control of the insured." The question presented is whether or not the injuries alleged were caused under circumstances bringing the case within the ambit of the exclusion clause.

The evidence shows that the elevator, at the time it was damaged, was not only being used by defendant, but that the damage to it was caused by that very use. Consequently, the claim fell squarely within the clause of the policy excluding from the application of the policy any injury to "property owned, rented, occupied or used by or in the care, custody or control of the insured." See Lee v. Aetna Casualty & Surety Co., 2 Cir., 178 F.2d 750, 751: "As always, the language is to be interpreted by its purpose, and the purpose was to exclude liabilities occasioned by the insured's availing itself of an elevator for the purpose of its business. One 'uses' a thing when one 'makes use' of it * * *."

■ Defendant argues, however, that the complaint in the negligence action sought damages not only for the injury to the elevator, but for the loss of use of the building for rental and business purposes, and that this takes the case beyond the scope of the exclusionary clause inasmuch as the premises, other than the elevator, were not being used or controlled by defendant. This argument cannot be accepted. The loss resulting from the deprivation of use of the premises was merely one of the several items of damage resulting from the injury to the elevator. "In the case of torts, each act gives rise to only one cause of action 'however numerous the items of wrong or damage may be.'" Hartmann v. American Mercury, Sup., 57 N.Y.S.2d 791, 794, quoting Secor v. Sturgis, 16 N.Y. 548. "By dividing the damage one cannot divide a single cause of action." Manko v. City of Buffalo, 294 N.Y. 109, 111, 60 N.E.2d 828, 829. Since the action arose out of an event not within the coverage of the policy, plaintiff is not liable to defendant-insured for the amount paid by the latter in settlement of the claim.

■ Although, from the facts adduced, it appears that the loss sustained was not one within the terms of the policy, it does not necessarily follow that the insurer was not obligated by the provisions of the policy to defend the negligence action. By the terms of the policy the insurer agreed that "As respects such insurance as is af-forded by this policy the company shall (a) defend in his name and behalf any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *." This clause was interpreted in Lee v. Aetna Casualty & Surety Co., supra. Chief Judge Hand there stated: "This language means that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury 'covered' by the policy; it is the claim which determines the insurer's duty to defend; and it is irrelevant that the insurer may get information from the insured, or from any one else, which indicates, or even demonstrates, that the injury is not in fact 'covered.'" 178 F.2d at page 751. The test to determine the insurer's obligation to defend has been stated in Pow-Well Plumbing & Heating, Inc., v. Merchants Mutual Casualty Co., 195 Misc. 251, 258, 89 N.Y.S.2d 469, 477: "The negligence complaint together with the policy (not the factual situation, determined by the insurer) establishes whether there is or is not a duty to defend." See also 8 Appleman, Insurance Law and Practice 10 (1942): "[A]n insurer cannot be called upon to defend a suit against the insured, where the petition or complaint upon its face alleges a state of facts excluded from the policy."

■ In the present case, the complaint in the action in the New York Supreme Court alleged (par. 17) that Stewart and this defendant assumed control of the elevator, shaft and equipment and (par. 18) that the injury to the elevator and equipment was caused by the carelessness of Stewart and this defendant "in the use" of the elevator, shaft and equipment and "while said defendants were in control" thereof and (par. 22) that "said defendants were in control of said elevator" when it fell for the second time. In a separate cause of action against this defendant, the complaint in the negligence action alleged (par. 32) that the damage to the elevator shaft, the elevator and the equipment "occurred while said elevator shaft, freight elevator and elevator equip-

ment were being used by defendant Mason-Moore-Tracy, Inc. for the purpose of removing the machinery, equipment and other personal property of defendant T. M. Stewart, Inc. from the portions of the aforesaid premises occupied by said defendant."

Thus all the causes of action alleged in the complaint against defendant are clearly within the exclusionary clause of the policy.

It is concluded, therefore, that plaintiff was under no obligation to defend, because the complaint in the negligence action alleged injuries excluded from the policy's coverage, and the insurer is, accordingly, not liable for the settlement of that action effected by defendant or for defendant's legal expenses therein.

Defendant is not entitled to recover from plaintiff any sum of money, whatever, under the terms of said policy numbered 328140.

Each party will bear its own costs.

The findings of fact and conclusions of law herein stated are sufficiently specific. If more is desired, specific findings of fact and conclusions of law consistent herewith may be submitted for consideration.

Submit judgment on notice in accordance with this opinion.