Frederic T. Henry, J.
This motion involves the question of whether the insurer, under its covenant to defend actions brought against the insured in a comprehensive personal liability policy must defend claims brought for workmen’s compensation benefits. The defendant issued to the plaintiff a policy of comprehensive personal liability insurance, the pertinent portions of which are as follows:
The company agrees with the insured * * * subject to the limits of liability, exclusions, conditions and other terms of this policy:
‘ ‘ I. Coverage A-Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by *973 any person, and as damages because of injury to or destruction of property, including the loss of use thereof. * * *
“ II. Defense, Settlement, Supplementary Payments: As respects the insurance afforded by the other terms of this policy under coverage A the company shall: (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; * * *
EXCLUSION'S
“This policy does not apply: * * * (d). to bodily injury or to sickness, disease or death of (1) anv employee of the insured while engaged in the employment of the insured, if benefits therefor are either payable or required to be provided under any workmen’s compensation law; or (2) any residence employee of the insured while engaged in the employment of the insured if the insured has in effect on the date of the occurrence a policy providing workmen’s compensation benefits for such employee ”.
The amended complaint states that while the policy was in force, one Veris Burkholder claimed to have met with an accident on the plaintiff’s premises and instituted a claim for workmen’s compensation benefits alleging that the plaintiff and her husband were his employers at the time of the accident. The details of the manner of occurrence of the accident are not set forth in the complaint herein nor are the facts which Burkholder claimed created the relationship of employer-employee. It does appear that the plaintiff notified the defendant of the claim and requested the defendant to defend it. Upon defendant’s refusal, the plaintiff employed her own attorney. The claim was defeated and the plaintiff herein obtained a determination that the Workmen’s Compensation Board was without jurisdiction in that the relationship of employer and employee was nonexistent. This action is brought by the plaintiff to recover her expenses in defending that claim.
It is well established that the insurer’s duty to defend is broader than its duty to pay. (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148.) This generally means that if the complaint of the injured third party states an injury within the coverage of the policy, the insurer is obligated to defend without regard to the ultimate liability of the insured. (Grand Union Co. v. General Acc., Fire & Life Assur. Corp., 254 App. Div. 274, affd. 279 N. Y. 638.) As said by the court in Pow-Well *974 Plumbing & Heating v. Merchants Mut. Cas. Co. (195 Misc. 251) the question is not whether the injured party can maintain a cause of action against the insured but whether he can state facts which bring the injury within the coverage. The company is also obligated to defend even where the complaint fails to state facts with sufficient clarity to determine if the action is within or without the coverage of the policy if there exists a potential action within the coverage. (Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251, supra.) It must also defend actions where the complaint alleges facts both within and without the coverage. (Lee v. Aetna Cas. & Sur. Co., 178 F. 2d 750; Mason-Henry Press v. Ætna Life Ins. Co., 211 N. Y. 489.)
On the other hand, the insurer has no duty to defend a suit where the complaint fails to state facts which would require the company to indemnify the insured even if the injured third party prevailed. (Soper v. Fidelity & Cas. Co., 198 Misc. 1117; Hardware Mut. Cas. Co. v. Mason-Moore-Tracy, Inc., 96 F. Supp. 861, affd. 194 F. 2d 173.) The provision requiring defense of groundless suits does not extend to actions not within the coverage of the policy. In Soper v. Fidelity & Cas. Co. (198 Misc. 1117, supra) where the complaint stated a cause of action for an alleged assault by the insured, the court held that there was no obligation to defend where the cause of action alleged was solely within one of the exclusions of the policy and stated the general rule as follows (p. 1118): “ The test of coverage is determined by the complaint in the assault action. If that complaint alleged a cause of action by reason of an accident insured against, then the defendant was required to defend the same, even if the action was groundless. On the other hand, if such complaint alleged a cause of action by reason of matters not covered by the insuring agreements of the policy, then the defendant was not bound to defend the same, whether it was a bona fide or a groundless one. ’ ’
In this case, the claim of the injured third party was presented to the Workmen’s Compensation Board the jurisdiction of which is limited to determination of claims for workmen’s compensation benefits and which was powerless to award damages for any other cause. If the company is not obligated to defend where the only action alleged in the complaint is solely within one of the exclusions of the policy, it is hut the logical extension of that rule to hold that the insurer is not obligated to defend claims before the Workmen’s Compensation Board which has jurisdiction only of matters outside the coverage of the policy. There could be no potential action within the cover *975 age of the policy involved in a claim before this tribunal of limited jurisdiction.
The plaintiff herein argues that the defendant is estopped from denying liability from having undertaken a defense. The complaint alleges that the accident occurred October 19, 1955, that the workmen’s compensation claim was filed November 30, 1955, and thereafter the defendant refused to defend the claim. Such allegations do not state an estoppel.
The defendant’s motion should be granted, with costs.
Submit order accordingly.