Samuel W. Eager, J.
There are here for determination the issues arising under a third-party complaint by Robert Jacoby, doing business as Audubon Plumbing Company (hereinafter designated as the insured), against third-party defendant insurance company to recover for legal services incurred in the defense of an action brought by one Frederic Gay against the third-party plaintiff and others. Gay’s action was brought to recover for personal injuries and property damages arising from an accident occurring on premises occupied by Gay and alleged to have been caused by negligence of the insured and others; and the insured, by its third-party complaint, claims that the defendant insurance company, his insurer, was, by virtue of a liability policy issued by it, bound to defend the action brought by said Gay, but that it did breach its policy contract in refusing to defend the same which it did on the ground that the claim was not within the coverage of the policy.
No dispute exists as to the fact that a liability policy issued by defendant insurance company to the insured was in force at the time of the alleged accident which was the subject of Gay’s complaint. Such policy contained the usual covenant by the company to defend any suit against the insured £< alleging ” a bodily injury to person or injury to property caused by an accident occurring in the course of operations covered by the policy, “ even if such suit is groundless, false or fraudulent It appears that the insured duly complied with the terms of said policy. He did duly forward the original summons and complaint in the Gay action to the insurance company, but the latter, after receiving and reviewing the complaint, advised the insured that the company did £ 1 disclaim any and all liability to our assured in connection with any damages for personal injury or property damage arising out of or from the cause of action sued on in the enclosed summons and complaint.” The company based said disclaimer and refusal to defend on an indorsement to the policy entitled £ 1 Exclusion of Products *398 Hazard ’ which indorsement purports to exclude from coverage an accident occurring from ‘ operations ’ ’ which ‘ ‘ have been completed or abandoned ”, subject, however, to certain specified exceptions.
It is clear that the responsibility of the company to defend the Gay action is to be determined on the basis of the allegations of the complaint in such action. They were that “ in or about ’ ’ the month of November, 1954, the insured “ repaired the steam valve and steam valve connection on the steam radiator in the front room of said premises ” occupied by Gay; that on or about January 7, 1955, scalding water ‘ ‘ issued from the steam valve of the steam radiator ” in said room resulting in injury to plaintiff and damage to his property; that the accident was caused solely by the negligence of defendants (including the insured); and that they were negligent in that (among other things) “they repaired said radiator and said valve so carelessly and negligently that they were unsafe for use, and in that they failed to take such other reasonable and necessary precautions as would have prevented the accident.”
It is immaterial here that the company, by virtue of its independent investigation, may have concluded that the accident was one not coming within the coverage of the policy or that the suit was in fact groundless, false or fraudulent. The liability of the company to defend depended upon the allegations of the Gay complaint, and it was its duty to defend if such allegations tended to show potentially a case within the coverage of the policy. (See Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251.) The decisions stand for the proposition that the insurer’s duty to defend may be broader than its duty to pay, holding that an insurer may be obligated to defend even where a complaint fails to state facts with sufficient clarity to determine if the action is within or without the coverage of the policy and, also, where the complaint alleges facts both within and without the coverage. (See Fitzsimmons v. United States Fire Ins. Co., 16 Misc 2d 972 and cases cited.)
If the complaint is so vague and indefinite that one cannot conclusively rule out coverage, then the company has the responsibility under the policy to defend the insured. If the complaint is vague and indefinite, the company may use the weapons available for pleading clarification, and it has the duty to defend, at least up to the point where it becomes patently obvious from clarified pleadings that the cause of action pleaded was not covered by the policy.
It is concluded that the allegations of the complaint in the Gay action were so broad and general as to permit Gay to prove *399 an accident covered by the policy. In fact, the allegations of the complaint were such that Gray could recover on the theory that the insured had not at the time of accident completed or abandoned the work. In any event, the policy here expressly provided that it was to cover accidents occurring in connection with ‘ ‘ plumbing ’ ’ operations, and the policy construed as a whole, is to be held to cover such plumbing operations as were set out in the complaint.
Under the provisions of the policy, there were excluded from coverage, “ (2) Operations, if the accident occurs after ,such operations have been completed or abandoned at the place of occurrence thereof and away from the premises owned, rented or controlled by the insured, except * * * (c) operations for which the Glassification stated in Division (a) of the declarations or in the Company’s mcmual specifically includes completed operations.” (Italics added by the court for emphasis.) Thus, one reading the policy would have a right to assume that, in any event, it would cover the operations specifically set forth in “ Division (a) ”, even if completed. Now said Division (a), entitled “(a) Premises — Operations ”, specifically brings within the policy coverage “ Plumbing—N. O. 0.— Gras, Steam, hotwater or other pipe fitting—including house connections, shop and retail stores or display rooms. ’ ’ Certainly, the words “ plumbing ”, “ pipe fitting”, and “ house connections ”, may reasonably be said to include completed work of this nature where not otherwise provided.
There is some ambiguity in the policy here in the use of the letters “ N. 0. C.” (which I understand means, “ not otherwise covered” — though not explained in the policy) and in the reference to the “ Company’s manual ”, which the insured would not be expected to read. Certainly, when we are troubled by ambiguities in dealing with provisions of an insurance policy having to do with coverage, exclusion from coverage, and exceptions to exclusions from coverage, any doubt with respect to coverage must be resolved in favor of the insured and against the company. This is in accordance with settled law. “ But insurance contracts, above all others, should be clear and explicit in their terms. They should not be couched in language as to the construction of which lawyers and courts may honestly differ. In a word, they should be so plain and unambiguous that men of average intelligence who invest in these contracts may know and understand their meaning and import ” (Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574, 577-578). “ The question is simply whether the average man in applying for insurance and reading the language of this policy at the . time *400 it was written would ascribe the meaning to that language which the insurance company here urges” (Hartol Prods. Corp. v. Prudential Ins. Co. of America, 290 N. Y. 44, 50). It is not enough if the applicant might have so construed it, provided it could reasonably be construed otherwise. To sustain the construction urged, the insurer has the burden of establishing that “ the words and expressions used not only are susceptible of that construction but that it is the only construction that can fairly be placed thereon.” (Hartol Prods. Corp. v. Prudential Ins. Co. of America, supra, p. 49.) (Foregoing quotations from opinions were given and relied upon in Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545, 551.)
Where a company by an exception in the definition of an exclusion from liability, as here, refers to a declarations schedule, with blanks therein to be filled in by the company to set out the operations pertinent to the insured’s business to be covered by the policy, the wording used by the company in describing such operations is to be broadly construed in favor of the insured. Here, it would have been a simple matter for the company, in filling out the schedules as to coverage, to set out definitely in the schedule (Division [a]) that the described operations, when completed, would not be covered, if such was its intent. This it did not do, and the insured should not suffer from the ambiguity thereby ensuing.
From the foregoing it is concluded that the company was under a duty to defend on behalf of the insured (the third-party plaintiff) the action brought by Gay; that the company breached its duty by its refusal to defend; and, consequently, that it is liable to the insured for legal services and expenses incurred by him in defending said action.
The Gay action was successfully defended, it appearing that a judgment for the defendant insured was secured following a trial thereof. The insured here, according to the record, has actually incurred a charge of $2,500 for legal services and disbursements in the defense of the action. There is testimony that this charge is reasonable, and the company does not present any evidence to the contrary. Furthermore, upon the record here, it appears that the insured settled at such sum the action brought by the attorney for services and expenses incurred in defense of the action, and that the insured absolutely is obligated to pay the same. There being no evidence of fraud or collusion, the company should be compelled to reimburse the insured for what he has become obligated to pay by reason of the company’s breach of its contract.
*401 Judgment is directed in favor of third-party plaintiff against third-party defendant for $2,500 and interest thereon from January 13, 1960. The Clerk shall enter judgment accordingly, with costs.