Miles F. McDonald, J.
In this action for a declaratory judgment fixing and determining the rights and obligations of the parties under a policy of liability insurance issued by defendant to plaintiff, plaintiff moves for an order striking out defendant’s answer and granting summary judgment to plaintiff. In its affidavit in opposition, defendant seeks summary judgment in its favor declaring its rights under the policy as alleged in the counterclaim contained in the answer interposed to the complaint herein.
The action arises out of defendant’s disclaimer and refusal to defend, on behalf of the plaintiff herein, a negligence action brought by a third party against the plaintiff for personal injuries allegedly sustained when an oil burner which plaintiff had been employed to repair and condition exploded.
Plaintiff seeks, in the present action, judgment declaring that the afore-mentioned accident falls within the coverage of the policy issued to plaintiff by defendant; that the defendant is obligated to defend the negligence action against the plaintiff; that the defendant is obligated to pay all counsel fees and costs *402 incurred by plaintiff as a result of defendant’s failure to defend; that the defendant is obligated to pay any damages which may be awarded in the negligence action brought against plaintiff to the extent covered in said policy.
Defendant’s opposition to plaintiff’s motion for summary judgment in this action is predicated upon the construction which defendant gives to the complaint in the negligence action, namely, that the said complaint must be read as alleging that the instant plaintiff had completed its operations with respect to the oil burner prior to the occurrence of the accident. It appears to be conceded by defendant that if said operations had not been concluded, at the time of the accident, the third-party’s claim for injuries would come within the coverage of the policy so as to require defendant to undertake the defense of the negligence action brought against plaintiff by the third party.
The court is not persuaded that the allegations of the negligence complaint are so clear and definite as to require the construction urged by the insurer herein. In the court’s view, the said complaint cannot be deemed to allege unequivocally that the accident occurred after, and not before, the insured had completed its operations.
It is well settled that it is the obligation of the insurer to defend an action brought against its insured where the complaint in that action alleges a state of facts within the coverage of the policy, irrespective of the ultimate liability of the insured. (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148; Grand Union Co. v. General Acc., Fire & Life Assur. Corp., 254 App. Div. 274, affd. 279 N. Y. 638.) Moreover, even where it appears, as here, that the complaint in such an action does not state facts with sufficient definiteness to clearly bring the case within or without the coverage of the liability policy, the insurer is nonetheless obliged to defend the action if there is, potentially, a case under the complaint within the coverage of the policy; or, stated in other words, where there is doubt as to whether or not the allegations of the complaint in the action against the insured, state a cause of action within the coverage of the policy sufficient to compel the insurer to defend the action, such doubt will be resolved in favor of the insured (Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251; Fitzsimmons v. United States Fire Ins. Co., 16 Misc 2d 972; Cohen v. Jacoby, 27 Misc 2d 396). The fact that the insurer is possessed of information, whether obtained from its insured or from other sources, which may show the claim against the insured to fall outside the coverage of the policy is, in this regard, of no consequence. (Goldberg v. Lumber Mut. Cas. Ins. Co., supra; *403 Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., supra; Cohen v. Jacoby, supra.)
Partial summary judgment is accordingly granted in favor of the plaintiff herein and against the defendant declaring it to be the obligation of the defendant under the policy to defend on plaintiff’s behalf the negligence action brought against the plaintiff; further, that defendant is obligated to reimburse plaintiff for the expenses incurred by reason of defendant’s failure to defend the action.
Plaintiff’s motion for summary judgment is otherwise denied. The determination as to whether defendant shall be obligated to pay the damages which may be awarded in the negligence action must await further developments in that litigation. Defendant’s cross motion for summary judgment is denied. Settle order in accordance with the terms of this decision.