COMMERCIAL PIPE & SUPPLY CORPORATION, Appellant, *v.* ALLSTATE INSURANCE COMPANY, Respondent.

Fourth Department, May 20, 1971.

*Ohlin, Damon, Morey, Sawyer & Moot (George M. Gibson* of counsel), for appellant.

*Phelps, Gray, Mansour & Hewitt (Benjamin N. Hewitt* of counsel), for respondent.

HENRY, J. Plaintiff appeals from a summary judgment dismissing its complaint in an action to recover the expenses of defending a personal injury action which plaintiff claims defendant was obligated to defend by the terms of defendant's liability policy covering the tractor-trailer which was being unloaded when the personal injuries were sustained.

On January 23, 1961, one Huff was injured while unloading a shipment of steel pipes from his tractor-trailer which had been leased by him to defendant's named insured, Schreiber Trucking Corporation. The shipment was intended for delivery to plaintiff, but by mistake Huff drove the tractor-trailer into the premises of Acme Nipple Company next door to plaintiff's premises and, while it was being unloaded by employees of Acme Nipple Manufacturing Company, Huff was injured. Under the mistaken belief that the unloading occurred on plaintiff's premises by plaintiff's employees, Huff sued plaintiff alleging that while he was on plaintiff's premises its employees negligently cut a wire around a bundle of steel pipes so as to cause them to become loose and to crash against him.

Plaintiff was insured against public liability by Employers Mutual Liability Insurance Company of Wisconsin (Employers). The policy provided that with respect to loss arising out of the use of any nonowned automobile the insurance " shall be

excess insurance over any other valid and collectible insurance."

The summons and complaint in the Huff action were tendered by Employers to defendant for defense by defendant with a letter stating that "Since this accident occurred in the course of an unloading operation, Commercial Pipe & Supply Corporation would be omnibus insureds under the Automobile Policy issued by you to the Schreiber Trucking Company." In addition to the named insured that policy also included as an insured any person while using an owned or hired automobile with permission of the named insured and provided that such use includes the loading and unloading thereof. Defendant refused to defend the Huff action, and Employers undertook the defense thereof and necessarily incurred a stipulated fair and reasonable expense of $7,239.12 with interest from October 19, 1966. On the trial of the Huff action the complaint was dismissed as to plaintiff on the ground that those who unloaded the tractor-trailer were not its employees. Thereafter Employers obtained from plaintiff a loan agreement in which plaintiff acknowledged receipt of $7,239.12 from Employers, the loan being repayable only in the event and to the extent that plaintiff might recover legal expenses occasioned by defendant's refusal to defend in the Huff action. The provisions of CPLR 1004 permitted plaintiff to maintain this action without joining the insurer Employers as a party.

Special Term in denying plaintiff's motion for summary judgment and granting summary judgment for defendant erroneously held that since plaintiff could not be held liable to Huff because he was not injured on its premises or by acts of its employees, it was not an insured under defendant's policy.

"The insurance company's duty to defend came into being when it appeared from the allegations in the negligence action that the injury was within the coverage of the policy. * * *

"The policy protects the insured not only against injuries for which there is unquestioned liability, but also against lawsuits on their face within the compass of the risk against which insurance was taken, no matter how groundless, false or baseless those suits may be." (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.,* 297 N. Y. 148, 154).

Although on the trial of the Huff action it was established as a fact that Huff's injuries were not sustained on plaintiff's premises, defendant's duty to defend did not depend on the actual cause of the injuries but on the allegations of Huff's complaint. The complaint alleged that the injury was sustained on plaintiff's premises and was caused by negligence of its employees in cutting wire around a bundle of steel pipes.

While the allegations do not specifically state that the tractor-trailer was then being unloaded it may fairly and reasonably be inferred from the language thereof that it was, and the parties have stipulated in their agreed statement of facts that it was then being unloaded. The language of the complaint need not state all the facts requisite to establish insurance coverage. "Where a complaint * * * contains ambiguous or incomplete allegations and does not state facts sufficient to bring a case clearly within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint * * * within the coverage of the policy." (7 Am. Jur. 2d, Automobile Insurance, § 162; see, also, Ann. 50 ALR 2d 504, 22[a]; *Brooklyn & Queens Allied Oil Burner Serv. Co.* v. *Security Mut. Ins. Co.*, 27 Misc 2d 401; *Cohen* v. *Jacoby*, 27 Misc 2d 396.) Where, as here, the insurer has knowledge of facts which potentially bring the claim within the coverage of the policy it has a duty to defend even though the allegations of the complaint fail sufficiently to allege all of the facts requisite to do so.

Defendant's refusal to defend the negligence suit was a breach of its covenant for which plaintiff may recover the expenses incurred by it in defending that action (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148, 154, *supra*). Special Term should have granted plaintiff's motion for summary judgment and denied defendant's motion for that relief.

The judgment should be reversed and judgment entered in favor of plaintiff for $7,239.12 with interest from October 19, 1966.

DEL VECCHIO, J. P., MARSH, GABRIELLI and MOULE, JJ., concur.

Judgment unanimously reversed on the law and facts, with costs, and judgment entered in favor of plaintiff for $7,239.12 with interest from October 19, 1966.