B. Thomas Pantano, J.
Motion by plaintiff for summary judgment in an action for declaratory judgment brought to determine the rights of the respective parties under a products liability insurance policy. Plaintiff seeks an adjudication that 'defendant is obligated to undertake, on its behalf, the defense of a third-party action; to pay any judgment awarded therein, and to reimburse plaintiff for the costs and expenses incurred in defense of that lawsuit. Defendant disclaims issuance of a policy of insurance to plaintiff, and its opposing affidavit requests that summary judgment be granted in its favor.
The plaintiff Chatham Corp. is the_suecessor by merger to Duraluminum Ladder Mfg. Co., Inc., which was named as an insured under a products liability policy issued by defendant, *1029 Argonaut Insurance Company. While this policy was in effect, and prior to Duraluminum’s merger with plaintiff, one Helen Gerdes allegedly sustained injury as the result of the collapse of a ladder manufactured by Baldwin Brush and Tools, Inc. Mrs. Gerdes sued the manufacturer, which, in turn, commenced a third-party action against plaintiff claiming the injury to Mrs. Gerdes was caused by a defective component part of the ladder supplied by plaintiff. In the third-party action, the plaintiff is sued as American Ladder Division of Chatham Corp., but neither party raises any issue that the named corporation and plaintiff are not the same entity.
The defendant Argonaut ooncededly never issued a policy to plaintiff. On the other hand, Argonaut, admittedly, insured Duraluminum at the time of Mrs. Gerdes ’ accident, which took place before the merger between plaintiff and Duraluminum. Duraluminum, however, is not named as a party to the main or third-party action, and no cause of action is alleged against it in either action.
The question presented is one of identity of the insured rather than the usual issue of whether coverage is afforded under the policy. Argonaut’s issuance to Duraluminum of the liability policy cast upon the insurer contingent contractual obligations which constitute an indebtedness owing to the insured (Seider v. Roth, 17 N Y 2d 111). This asset of Duraluminum, upon its merger with plaintiff, automatically vested in plaintiff as the surviving corporation by virtue of the provisions of section 906 (subd. [b], par. [2]) of the Business Corporation Law. It may be said, under the construction given this statute, that nothing is lost by a merger of corporations and that any right lawfully belonging to any of the constituent corporations merged together can be asserted by the surviving corporation (Platt Corp. v. Platt, 21 A D 2d 116, 120, affd. 15 N Y 2d 705). Viewed in this light, the failure to include Duraluminum as a defendant in the third-party action or to name it in the pleadings is not fatal, provided it can be ascertained that Duraluminum, rather than some other party, is the subject of the complaint brought by the third-party plaintiff.
It is well settled that the obligation of an insurer to defend an action brought against its insured is determinable from the allegations of the complaint (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148) and the bill of particulars (Everlast Sporting Goods Mfg. Co. v. Aetna Ins. Co., 23 A D 2d 641). In this case, while Duraluminum is not named in the pleadings, the bill of particulars served by the third-party plaintiff does claim the *1030 alleged defective parts of the ladder were purchased from that corporation. This claim identifies the subject of the third-party complaint and constitutes a potential liability against Duraluminum, and through it against plaintiff as the surviving corporation through merger. Although the bill of particulars may be ambiguous on its specification of dates and other data, it is sufficiently definite in its designation of Duraluminum as the purchaser so as to compel Argonaut to defend the action (Commercial Pipe & Supply Corp. v. Allstate Ins. Co., 36 A D 2d 412, 415; Brooklyn & Owens Allied Oil Burner Serv. Co. v. Security Mut. Ins. Co., 27 Misc 2d 401, 402). Partial summary judgment is accordingly awarded plaintiff to the extent of adjudging that defendant must defend the third-party action. Commensurate with this relief is the right of plaintiff to recover damages for Argonaut’s breach of its covenant to defend the action (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148, supra). The expenses incurred by plaintiff in the third-party action, however, cannot be determined without a hearing. This part of the claim is severed and is set down for an assessment of damages at Trial Term, Part I, at a time to be specified in the order entered hereon, but not earlier than 20 days after the filing of a note of issue and statement of readiness, or 20 days after the service of a copy of the order if these papers have been filed.
The motion of plaintiff is denied in all other respects. The request for judgment directing defendant to pay under its policy rests on considerations different from those applicable to the duty to defend. Whether the third-party complainant can, or will, establish that the component parts of the ladder were actually supplied by Duraluminum or that they were, in fact, defective cannot be determined in advance of trial of the other actions. Insofar as this action, it seeks a declaration of the rights of the parties in this respect, it is premature (Prashker v. United States Guar. Co., 1 N Y 2d 584, 592; Everlast Sporting Goods Mfg. Co. v. Aetna Ins. Co., 23 A D 2d 641, supra), and Argonaut is granted partial summary judgment declaring plaintiff is not entitled to such adjudication at this time.