**AETNA LIFE & CASUALTY, a Connecticut Corporation, Plaintiff and Respondent,**

v.

**UNITED PACIFIC RELIANCE INSURANCE COMPANIES, a Washington Corporation, Defendant and Appellant.**

**No. 15306.**

Supreme Court of Utah.

May 23, 1978.

---

Raymond M. Berry of Snow, Christensen & Martineau, Salt Lake City, for defendant and appellant.

Carman E. Kipp of Kipp & Christian, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Aetna Life & Casualty, insurer of Heublein, Inc., sued United Pacific, insurer of Regina Grape Products Co., for indemnification of $28,837.39, which plaintiff had expended in connection with the defense and settlement of a personal injury claim which had resulted from the conduct of Regina, prior to the merger of the two insured corporations. Upon the basis of undisputed facts, shown by the submissions to the trial court, it granted the plaintiff's motion for summary judgment, awarding the above sum, plus $2,980.74 interest and costs. The defendant appeals.

On December 31, 1970, at a New Year's Eve office party in Salt Lake City, one Dan Shuput suffered serious injury when the cork from a champagne bottle he was open-ing struck him in the eye. The basis of that claim (alleged negligence and breach of warranty) and causation of the injury are not material to this controversy between the insurance companies. The problem presented here is only as to which of them must bear the loss.

The champagne had been bottled by Regina Grape Products Co. which, at the time of the accident, was insured by the defendant United Pacific. But just prior thereto, on December 17, 1970, Regina had entered into an agreement to merge with plaintiff's insured Heublein, which became effective on January 28, 1971. In accordance with its terms and the certificate which was filed,[1] Regina warranted that its own insurance (defendant United Pacific) would be kept in force until the effective date of the merger. At the time of the accident, Heublein was insured by the plaintiff (Aetna Life & Casualty).

Relying on U.C.A., 1953, Sec. 16–10–71, which permits the filing of an action against the merged (surviving) corporation, Mr. Shuput filed an action against Heublein. That section states that when such a merger has been effected:

(e) . . . any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the right[s] of creditors nor any liens upon the property of any such corporation shall be impaired by such merger or consolidation.

The facts concerning the nonparticipation in the defense of that suit by Regina and its insurer United Pacific are not material here. It is however, appropriate to observe that defendant makes no complaint as to the manner in which the defense and settlement of the Shuput suit was handled by plaintiff Aetna, nor as to the propriety or reasonableness of the amount of the settle-

---

1. Section 16–10–71, U.C.A., 1953, provides: "Upon the issuance of the certificate of merger or the certificate of consolidation by the secre-tary of state, the merger or consolidation shall be effected."

ment. The position it does take is that it had no obligation to so defend, and no liability on that claim.

In granting the plaintiff's motion for summary judgment, the trial court's order recited that the liability for the injury was fixed at the time of the accident and that, at that time, the insurance provided by defendant United Pacific was the only insurance coverage for Regina and was thus the coverage for Mr. Shuput's claim.

Defendant attacks the judgment on these grounds: (1) that it was not named as a defendant in Shuput's complaint and there was nothing in the complaint alleging that its insured, Regina, was liable for the accident, and (2) that it had no duty to defend the claim against Heublein, since it did not insure Heublein when the accident occurred. Alternatively, defendant United Pacific contends that, even if it should be deemed to insure Heublein, its policy provided only excess coverage and should not respond because the primary limit of the policy of Aetna was not exhausted in the settlement with Shuput.

Essential to the resolution of this controversy is consideration of applicable statutes which provide that, upon merger of corporations, the corporation into which they merge (the surviving corporation) shall possess all of the rights and also all of the liabilities of the merging corporations. Section 16–10–71(d) provides that, following a merger:

> Such surviving or new corporation shall thereupon and thereafter possess all the rights . . . · of each of the merging or consolidating corporation[s]; . . . and all debts due on whatever account . . . and all and every other interest, of or belonging to or due to each of the corporations so merged or consolidated, shall be taken and deemed to be . . vested in such single corporation . . .

Section 16–10–71(e) further states that:

> Such surviving or new corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged or consolidated . . . .

We think the fair and reasonable analysis of those statutory provisions is that, inasmuch as the merger of corporations results in the transfer of liabilities of the merged corporation (Regina) and also all of its rights, the logical conclusion is that the surviving corporation (Heublein) simply stands in the same position as that occupied by the merged corporation (Regina) prior to the merger. Therefore, inasmuch as Heublein is to be held responsible for the liability of Regina,[2] it is entitled to the protection which Regina had (that is, its insurance with United Pacific) at the time of the accident, and that, as an asset of Regina, such coverage passed to Heublein as the surviving corporation.[3]

In view of the contentions made by the defendant it is appropriate to make these further observations: since the insurance of defendant United Pacific was the coverage on the loss, the question of the limits on Aetna's policy is not reached. Neither is the result herein stated changed by the fact that Mr. Shuput chose to sue Heublein, nor by the fact that its insurer, Aetna, undertook to defend and settle the claim.

On the basis of what has been said herein, the trial court was justified in entering the judgment for the plaintiff.

Affirmed. Costs to plaintiff (respondent).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

**2.** See 19 Am.Jur.2d, Corporations, Section 1554.

**3.** *Chatham Corp. v. Argonaut Insurance Co.*, 70 Misc.2d 1028, 334 N.Y.S.2d 959 (1972).