**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Carman CANN, Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1979.

Reford H. Coleman, Collier, Arnett, Coleman & Cooper, Elizabethtown, for appellant.

Paul M. Lewis, Lewis, Bland & Preston, Elizabethtown, for appellee.

Before COOPER, LESTER and WIL-HOIT, JJ.

WILHOIT, Judge.

This is an appeal from judgment of the Grayson Circuit Court awarding appellee, Carman Cann, $825.80 in attorney's fees for the defense of a workmen's compensation claim made by a former employee against his business, Cann's Egg Farm. In his complaint, filed against Kentucky Farm Bureau Mutual Insurance Company shortly after the workmen's compensation claim was dismissed, Cann alleged that Kentucky Farm Bureau, in violation of an express provision in its Farmer's Comprehensive Liability policy with him, refused to defend the workmen's compensation claim, thereby forcing him to secure independent legal counsel. On appeal, the only question presented is whether Kentucky Farm Bureau had a duty to defend Cann in a workmen's compensation proceeding under the terms of the Farmer's Comprehensive Liability policy.

This controversy began on August 19, 1975, when Cann received a notice in the mail from the Workmen's Compensation Board that a claim had been filed against his business by Elsie Lindsey, a former employee. That same day Cann took the notice to Albert Thompson, the agent through whom he had procured his Farmer's Comprehensive Liability policy. He informed Thompson, a general agent for Kentucky Farm Bureau; Charles Cornell, a company adjuster; and another unidentified man that his time book disclosed that former-employee Lindsey had not worked for him since June 13, 1974, though she contended her work-related injury occurred the 21st or 22nd of August, 1974. Cann was advised at the time to take his time book to Lindsey's attorney with the hope that the information as to the disparity between her last date of employment and the date of her injury would put an end to the claim. Cann immediately went to the attorney's office, but was unsuccessful in halting the claim. He then returned to the insurance agency, where he was told by the adjuster to get an attorney and that they would "take care of it."

Cann then hired a private attorney to defend the claim which was dismissed because there was no employer-employee relationship at the time of the injury. He then presented the bill for his attorney's services to Albert Thompson. The insurance company first refused to pay the bill because Cann had not notified it of the accident within one year, and when the claim was resubmitted, the company declined to pay because it contended that it was a claim rather than a suit. The circuit court, after considering the various depositions and conducting a hearing, entered a judgment, without making any findings of fact, awarding Cann the full amount of his attorney's fee.

Kentucky Farm Bureau argues that it had no duty to defend Cann in the workmen's compensation proceeding because there was no specific coverage for workmen's compensation claims in its policy, and because the policy contained a specific exclusion for such claims. The pertinent sections of the policy provide as follows:

I. COVERAGES

COVERAGE A—BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: (1) bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person . . . .

EXCLUSIONS

This policy does not apply:

  . .     .     .     .     .

4. under Coverages A and B, to bodily injury to or sickness, disease or death of:
   (b) any employee of the insured while engaged in the employment of the insured, if benefits therefor are either payable or required to be provided un-

der any workmen's compensation law
. . ..

## II. DEFENSE, SETTLEMENT, BONDS, SUPPLEMENTARY PAYMENTS

With respect to such insurance as is afforded by this policy under Coverage A, the Company shall:

a. defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is . groundless, false or fraudulent, but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient . . ..

Cann maintains that the action of Kentucky Farm Bureau's agent in authorizing him to hire counsel estops Kentucky Farm Bureau from asserting that it had no duty to defend the claim. Moreover, Cann contends that notwithstanding the exclusion of workmen's compensation claims, the policy obligated Kentucky Farm Bureau to defend the suit because Lindsey was not an employee at the time she suffered the injury.

■ In *Ursprung v. Safeco Insurance Co.*, Ky., 497 S.W.2d 726, 729 (1973), the Court stated that an insurer's "duty to defend would be determined by the type coverage for which a premium is paid, and this duty would arise when a claim within the coverage afforded accrues." Here, it was clear to all concerned that, whether proper or not, a workmen's compensation claim had been made and since the policy expressly excluded coverage of such a claim, no claim within the coverage accrued and no duty arose. In a case involving a very similar factual situation to the one before us, the court in *Fitzsimmons v. United States Fire Insurance Co.*, 16 Misc.2d 972, 185 N.Y.S.2d 462, 466 (1959), provided an excellent explanation for its refusal to hold that the insurer had a duty to defend a workmen's compensation claim under its comprehensive liability policy that excluded coverage of such claims:

In this case, the claim of the injured third party was presented to the Workmen's Compensation Board the jurisdiction of which is limited to determination of claims for workmen's compensation benefits and which was powerless to award damages for any other cause. If the company is not obligated to defend where the only action alleged in the complaint is solely within one of the exclusions of the policy, it is but the logical extension of that rule to hold that the insurer is not obligated to defend claims before the Workmen's Compensation Board which has jurisdiction only of matters outside the coverage of the policy.

While it is true that the policy also provides for a defense of groundless suits, "[t]he 'groundless, false, or fraudulent' clause . . . does not extend the obligation to defend without limits; it includes only defense to those actions of the nature and kind covered by the policy." *Hartford Accident and Indemnity Co. v. Civil Service Employees Insurance Co.*, 33 Cal.App.3d 26, 108 Cal.Rptr. 737, 742 (1973).

■ In considering the theory that Kentucky Farm Bureau is estopped to deny the obligation to defend based on the alleged promises of its adjuster Charles Cornell, we must look to both Cornell's statements and the apparent acquiescence of agent Albert Thompson to the promise to pay for legal expenses. As stated in 45 C.J.S. *Insurance* § 1102 (1946), the general rule as to an adjuster's authority to bind the company is:

An adjuster's authority is usually limited, however, to the ascertainment and adjustment of the loss; and he has no power merely as such, in the absence of some evidence as to his authority, to alter the contract, or waive any of its essential conditions; nor does he have authority to impose liability on the company for damages which are plainly not covered by the policy.

Here, by telling Cann that Kentucky Farm Bureau would pay the expenses of the defense, Cornell in effect placed Kentucky

Farm Bureau in the position of assuming liability for damages not covered in the policy. Under the general rule, Kentucky Farm Bureau would not be bound by such a statement absent some showing of Cornell's authority to bind it.

■ The only possible indication of authority vested by Kentucky Farm Bureau in Cornell would be Agent Thompson's failure to object to Cornell's promise to pay for the legal expenses. However, as set out in the policy,[1] no terms can be waived or changed except by endorsement issued to form a part of the policy, signed by an authorized officer of the company, and countersigned by an authorized representative. Here, we have only the oral promise of adjuster Cornell and the acquiescence of agent Thompson. While an insurer can be bound by its agent's actions within the apparent scope of his authority if the insured is not aware of any limitations on the agent's power, *Continental Insurance Co. v. Simpson*, 220 Ky. 167, 294 S.W. 1048 (1927), when, as here, the policy expressly limits the agent's authority to alter the conditions of the policy, the insured is chargeable with notice of these limitations. *Calvert Fire Insurance Co. v. Horn*, Ky., 253 S.W.2d 10 (1952).

■ As Cann was charged with notice that neither Cornell nor Thompson could change the terms of the policy so as to provide a defense to the workmen's compensation claim, he could not rely on Thompson's apparent acquiescence as either vesting authority in Cornell to waive the terms of the policy or as evidence of Thompson's own independent sanction of the waiver. Kentucky Farm Bureau was not estopped from denying its obligation to defend the workmen's compensation claim.

The judgment of the Grayson Circuit Court is reversed with directions to enter a judgment for Kentucky Farm Bureau Mutual Insurance Company.

All concur.

---

1. The policy provides:

    17. CHANGES—ALL COVERAGES

    Notice to any agent or knowledge possessed by any agent or by any person shall not effect a waiver or change in any part of this policy or stop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued to form a part of this policy signed by an authorized officer of the Company and countersigned by a duly authorized representative of the Company.