BRUNSWICK CORPORATION

v.

ST. PAUL FIRE AND MARINE INSURANCE CO. and St. Paul Mercury Insurance Co.

v.

EMPLOYERS MUTUAL LIABILITY INSURANCE CO. OF WISCONSIN and Liberty Mutual Insurance Company and Northwestern National Casualty Co.

Civ. A. No. 79–4536.

United States District Court, E. D. Pennsylvania.

Jan. 30, 1981.

Michael J. Mangan, Philadelphia, Pa., for plaintiff.

Christopher C. Fallon, Jr., John C. McNamara, Barton L. Post, Lawrence Robinson, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are cross-motions for summary judgment raising the question whether the rights and assets transferred in a merger to the surviving corporation include the merged corporation's rights under a liability insurance policy, even though the insurance policy has a clause prohibiting assignment without the insurer's consent. Finding itself in accord with a small but unanimous and well-reasoned body of precedent, the Court answers the question in the affirmative.

Plaintiff Brunswick Corporation ("Brunswick"), a Delaware corporation with its principal place of business in Illinois, seeks a declaratory judgment against defendants St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company (collectively, "St. Paul") regarding Brunswick's entitlement to the rights and benefits provided under comprehensive liability insurance policies issued by St. Paul to Filterite Corporation ("Filterite"). Filterite, a Maryland corporation, purchased the policies for succeeding terms of one year at some time prior to their effective date, December 1, 1972. The policies remained in effect until December 1, 1976, covering Filterite for liability for bodily injury or property damage occurring during that period.

On June 1, 1973, Brunswick acquired all of the stock of Filterite and thereafter operated it as a wholly-owned subsidiary until March 31, 1978. On that date, Filterite was merged into Brunswick and ceased to have a separate corporate identity.

On July 11, 1978, two individuals, Glen Coneby and Michael Powell, commenced several lawsuits against Filterite, Brunswick and several others, alleging that they had sustained personal injuries in an industrial accident that occurred on July 12, 1976, a date within the period covered by the policies issued to Filterite by the defendants. Mr. Coneby and Mr. Powell alleged that, among other things, the accident causing their injuries was the result of Brunswick's and Filterite's negligent design and manufacture of a filter sold to Mr. Coneby's employer.

St. Paul appeared for Filterite and undertook its defense but refused at first to defend Brunswick. Brunswick then demanded that St. Paul provide it with the same policy benefits due Filterite. After some negotiation, St. Paul undertook Brunswick's defense with a reservation of rights. Brunswick then filed the within action seeking a declaration of its rights under the policy as Filterite's successor.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56. Since the facts here are not in dispute, and the outcome of the case turns solely on the Court's answer to the aforestated question of law, the case is properly disposed of by summary judgment.

■ The effect of a merger is controlled by state corporation law. Although the parties have neither argued nor agreed upon which state's law should apply, they do agree that it would be the law of either Delaware, Maryland or Pennsylvania. The applicable statutes and case law do not differ among the three states for the purposes of this case. Since the Court would accordingly reach the same result under all three statutes, the Court will not attempt to resolve the choice-of-law question.

As an example of what state corporation law provides, the Delaware General Corporation Law reads as follows:

> When any merger or consolidation shall have become effective under this chapter, for all purposes of the laws of this State the separate existence of all the constituent corporations, or of all such constituent corporations except the one into which the other or others of such constituent corporations have been merged, as the case may be, shall cease and the constituent corporations shall become a new corporation, or be merged into 1 of such corporations, as the case may be, possessing all the rights, privileges, powers and franchises as well of a public as of a private nature, and being subject to all the restrictions, disabilities and duties of each of such corporations so merged or consolidated; and all and singular, the rights, privileges, powers and franchises of each of said corporations, and all property, real, personal and mixed, and all debts due to any of said constituent corporations on whatever account, as well for stock subscriptions as all other things

in action or belonging to each of such corporations shall be vested in the corporation surviving or resulting from such merger or consolidation; *and all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation as they were of the several and respective constituent corporations,* and the title to any real estate vested by deed or otherwise, under the laws of this State, in any of such constituent corporations, shall not revert or be in any way impaired by reason of this chapter; but all rights of creditors and all liens upon any property of any of said constituent corporations shall be preserved and unimpaired, and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.

Del.Code tit. 8, § 259(a) (1975) (emphasis added). *See also* Md. Corp. & Ass'ns Code Ann. § 3–114 (1975 & Supp. 1980); Pa.Stat. Ann., tit. 15, § 1907 (Supp.1980–1981). Whether such a statute operates to assign the liability insurance of the merged corporation to the surviving corporation has been addressed in only three cases: *Paxton & Vierling Steel Co. v. Great American Insurance Co.,* 497 F.Supp. 573 (D.Neb.1980); *Aetna Life & Casualty v. United Pacific Reliance Insurance Co.,* 580 P.2d 230 (Utah 1978); *Chatham Corp. v. Argonaut Insurance Co.,* 70 Misc.2d 1028, 334 N.Y.S.2d 959 (Sup.Ct.1972). The essential facts of all three cases are identical to those here, except that, of the three, only *Paxton & Vierling* involved a policy containing a clause prohibiting assignments without the insurer's consent. All three courts concluded that, by issuing the comprehensive liability insurance policy to the since-merged corporation, the insurer undertook contingent contractual obligations to the merged corporation with corresponding contingent contractual rights in that corporation's favor. Upon merger, these rights automatically vested in the surviving corporation by

operation of the merger statute. *See, e. g., Chatham Corp. v. Argonaut Insurance Co., supra,* 334 N.Y.S.2d at 961. In other words, the surviving corporation simply stands in the same position as that occupied by the merged corporation prior to the merger. *Aetna Life & Casualty v. United Pacific Reliance Insurance Co., supra,* at 232. The Court agrees with these cases in both reasoning and result.

█ Defendants contend, however, that this result does not obtain where, as here, the policy contains a clause prohibiting assignment without the insurer's consent. The policy provision referred to speaks in general terms: "Assignment of interest under this Policy shall not bind the Company until its consent is endorsed hereon.  . . ." Plaintiff's Motion for Summary Judgment, Exhibit B. In *Paxton & Vierling, supra,* the court rejected this argument. The *Paxton & Vierling* court relied on *Imperial Enterprises, Inc. v. Fireman's Fund Insurance Co.,* 535 F.2d 287, 292–293 (5th Cir. 1976), in which the Court of Appeals for the Fifth Circuit held that Georgia law would not permit an insurer, on the strength of a "no-assignment" clause, to escape liability under a fire insurance policy transferred by corporate merger. The *Paxton & Vierling* court, therefore, held that, in the absence of an increase in risk to the insurer, a "no-assignment" clause should not be applied ritualistically or mechanically so as to forfeit coverage as a result of a transfer of the policy without the insurer's consent pursuant to a statutory merger of the insured. *Paxton & Vierling Steel Co. v. Great American Insurance Co., supra,* at 578. The reason for refusing to apply a "no-assignment" clause to avoid an involuntary assignment is pragmatic: "such transfers do not entail any increase in the risk or hazard assumed by the insurer." *Imperial Enterprises, Inc. v. Fireman's Fund Insurance Co., supra,* at 291; *Paxton & Vierling Steel Co. v. Great American Insurance Co., supra,* at 581. Likewise, in the instant case, the insurer can claim no prejudice from such a holding, for St. Paul will be liable only on those claims against Brunswick arising out of covered acts of Filterite which occurred during the period of St. Paul's coverage.

The Court has considered the other arguments of the defendant and found them equally without merit. In the absence of explicit language prohibiting assignment of the policy through merger,[1] the Court will not deprive the surviving corporation of the protection bargained and paid for by the merged corporation. Therefore, the Court holds that, under state corporation law, the surviving corporation in a merger is vested with all rights and benefits under a liability insurance policy formerly due the merged corporation. An appropriate Order will be entered.

█

---

1. At least one court has suggested that, were it presented with the issue, it would hold that the merger statute *overrides* a "no-assignment" clause. *Paxton & Vierling Steel Co. v. Great American Insurance Co., supra,* at 581.