No. 85-277

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

TRAVELERS INSURANCE COMPANY,

       Plaintiff and Respondent,

  -vs-

WESTERN FIRE INSURANCE COMPANY,

       Defendant and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Anderson, Brown, Gerbase, Cebull & Jones; Rockwood
Brown, Billings, Montana

    For Respondent:

        McNamer, Thompson & Cashmore; Charles R. Cashmore,
Billings, Montana

_____

Submitted on Briefs: Sept. 12, 1985

Decided: November 25, 1985

Filed: NOV 25 1985

_____
                Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The Western Fire Insurance Company (Western) appeals an order of the Yellowstone County District Court denying Western's motion for summary judgment, and granting The Travelers Insurance Company's (Travelers) motion for summary judgment.

We affirm.

The facts of this case are not in dispute. On August 13, 1976, Willard Jacobson was injured while installing an overhead garage door. Jacobson filed a complaint naming the manufacturer and seller of the door as defendants. His complaint asserted that the accident was caused by the negligent and defective design and construction of a spring apparatus in the door. The defendants filed a third party complaint against Harsco Company as manufacturer of a metal plate used in the spring apparatus. Seaport Manufacturing Company was the actual manufacturer of the metal plate which allegedly was defective and caused the injury. However, subsequent to the accident, but prior to the filing of the complaint, Harsco had acquired Seaport by merger. Therefore, Harsco was properly named as a defendant. Harsco was insured by Travelers. Prior to the merger, and at the time of Jacobson's injury, Seaport was insured by Western. Travelers settled the lawsuit with Jacobson, and then began the present action against Western seeking reimbursement of the money paid to Jacobson in settlement of the claim.

Western does not argue the reasonableness of the settlement, and concedes that its policy covers the loss paid to Jacobson. The only issue raised by Western is whether the

- 2 -

District Court erred in not apportioning the loss between the two insurance companies proportionate to their respective policy limits.

Western cites Bill Atkin Volkswagon, Inc. v. McClafferty (Mont. 1984), 689 P.2d 1237, 41 St.Rep. 1981, for the proposition that the loss should be divided between the two companies. The Atkin case involved an automobile accident caused by the driver of a loaner car belonging to Atkin Volkswagon. We found that both the driver's own insurance policy and Atkin's policy covered the accident. Both policies contained an excess coverage clause, so both parties argued that the opposing party's policy provided primary coverage. We held that the loss should be apportioned between the two companies proportionate to their respective policy limits. While apportioning the loss was appropriate in that case, it is not appropriate in the present case. In Atkin, both insurance policies covered the same accident. In the present case, only Western's policy covered Jacobson's injury.

The policies offered by Western and Travelers were both "occurrence" policies, meaning that coverage was determined at the time the injury occurred. When Jacobson was injured, Western was the only company insuring Seaport, and the only company obligated to pay any claim arising from the accident.

Section 35-1-806(e), MCA, provides that after a merger, a claim against the merged corporation can be directed against the surviving corporation. Therefore, Harsco was properly named as a defendant. However, that does not mean that Travelers, as Harsco's insurer, was obligated to pay the claim. As the District Court found in its order and memorandum, "[t]he liability of the insurance company for the

injury was fixed at the time of the accident and at that time, the insurance company for the merged Seaport Corporation was available to take care of this claim." As authority, the District Court cited Aetna Life and Casualty v. United Pacific Reliance Insurance Companies (Utah 1978), 580 P.2d 230.

The Aetna case is nearly identical to the present case. In Aetna, an individual was injured by a product made by Regina Grape Products Company. At that time Regina was insured by defendant, United Pacific. After the accident, Regina merged with Heublein, a company insured by plaintiff, Aetna. The injured party sued Heublein. Aetna settled with the injured party and then sued United Pacific for indemnification. The trial court granted Aetna's motion for summary judgment. In its opinion affirming the trial court's order, the Utah Supreme Court stated that:

> . . . inasmuch as the merger of corporations results in the transfer of liabilities of the merged corporation (Regina) and also all of its rights, the logical conclusion is that the surviving corporation (Heublein) simply stands in the same position as that occupied by the merged corporation (Regina) prior to the merger. Therefor, inasmuch as Heublein is to be held responsible for the liability of Regina, it is entitled to the protection which Regina had (that is, its insurance with United Pacific) at the time of the accident, and that, as an asset of Regina, such coverage passed to Heublein as the surviving corporation.

Aetna, 580 P.2d at 232.

The reasoning and analysis of the Aetna opinion are equally appropriate in the present case. Section 35-1-806(d), MCA, provides that all the rights and privileges of the merged corporation (Seaport) are passed to the surviving corporation (Harsco). Among those rights are Seaport's rights under its insurance policy with Western.

- 4 -

Because both policies were "occurrence" policies, liability was determined at the time the injury occurred. When Jacobson was injured, Western was the only company insuring Seaport and the only company liable for any claim arising out of that injury. After the merger, Harsco acquired all of Seaport's rights, including its rights of coverage under the insurance policy. Therefore, Western is obligated to indemnify Travelers for the cost of the Jacobson settlement. The order of the District Court is correct.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices